Lester J. GUY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–87–00863–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 19, 1988.

[redacted]

Dan B. Gerson, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, for appellee.

Before EVANS, C.J., and SAM BASS and DUNN, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal of a conviction for possession of less than two ounces of marijuana. Appellant pleaded guilty pursuant to a plea bargain and was sentenced to 90 days in the Harris County jail. Appellant appeals the denial of his pre-trial motion to suppress the evidence.

The arresting officer was the only witness to testify at the hearing on appellant's motion to suppress. Appellant does not contest the officer's testimony regarding the facts.

The officer testified that shortly after 12 noon, he observed appellant walking across a street carrying "a cigarette lighter and some rolling papers and a small brown envelope known as nickel bag on the street." The officer and two other officers were dressed in street clothes and were in an unmarked vehicle. The officer testified that they stopped their car and he got out and approached appellant and asked him what he had in his hand. He testified that appellant answered, "Ain't nothing but a little weed." At that point the officers took custody of the brown envelope, and placed appellant under arrest. The officer testified that he recognized the contents of the envelope to be marijuana.

In his sole point of error, appellant contends that the trial court committed reversible error in overruling appellant's motion to suppress the marijuana seized from appellant because the officer did not have probable cause to stop appellant and question him. Appellant argues that the officer acted on a hunch or suspicion that appellant was in possession of a controlled substance and that the officer seized the marijuana in a warrantless search and without probable cause. He argues that his action of walking down the street and carrying an envelope, a cigarette lighter, and rolling papers was as consistent with innocent behavior as with criminal activity and thus could not be the basis for an investigative stop, citing *Johnson v. State,* 658 S.W.2d 623 (Tex.Crim.App.1983).

A police officer may stop a suspicious individual to determine his identity or to maintain the status quo while obtaining more information. *Gearing v. State*, 685 S.W.2d 326 (Tex.Crim.App.1985). Reasonable suspicion required for a temporary investigative detention does not rise to the level of probable cause necessary to justify a warrantless arrest or search. *Stone v. State*, 703 S.W.2d 652 (Tex.Crim.App.1986). But to justify a brief investigative detention, an officer must have specific articulable facts that, in light of his experience and personal knowledge, would warrant the intrusion on the detainee. *Meeks v. State*, 653 S.W.2d 6 (Tex.Crim.App.1983). Any articulable facts that come into an officer's knowledge during a lawful stop may justify further investigation. *Aguilar v. State*, 662 S.W.2d 436 (Tex.App.—Corpus Christi 1983, no pet.).

In this case, the officer developed a reasonable suspicion about appellant's activities based on his seeing appellant carrying items that he knew to be associated with the use of marijuana. But the officer did not arrest appellant or seize the envelope based upon that suspicion. He merely stopped the appellant and asked him what he was holding in his hand. According to the officer's testimony, the officer did not seize the contraband and place appellant under arrest until appellant responded that the article in his hand was "nothing but a little weed." The officer said that he knew that "weed" was "slang on the street for marijuana."

Appellant also argues that the officer's knowledge that appellant had been "handled" previously did not justify his detention or give the officer probable cause to believe that a crime had been committed by appellant, citing *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968). But the officer did not testify that he detained appellant because of his knowledge that appellant had been "handled" previously. The officer said that he knew appellant by sight and name. When asked in what capacity he knew appellant, the officer said he knew that appellant had "been handled numerous times for different violations of the law."

We conclude from the record that the basis of the investigative stop was the officer's reasonable suspicion that appellant was committing a crime. The resulting arrest and the seizure of the evidence were based on appellant's own admission that he was in possession of marijuana.

Appellant's point of error is overruled.

The judgment of the trial court is affirmed.