Shun Elvin GILLUM, Appellant,

v.

The STATE of Texas, Appellee.

No. 01-89-00492-CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 12, 1990.

Discretionary Review Refused
July 11, 1990.

Randy Shaffer, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Linda A. West, Ruben R. Perez, and Mary K. Ellis, Asst. Dist. Attys., for appellee.

Before WARREN, SAM BASS and DUNN, JJ.

## OPINION

DUNN, Justice.

The trial court found appellant, Shun Gillum, guilty of the offense of possession of cocaine and assessed punishment at four years confinement, probated, and a $500 fine.

Officer Daniel Garza testified that on April 13, 1989, at 5:15 p.m., he received a call from a confidential informant that three black males and a black female were selling narcotics in the 4000 block of Dowling Street at Cleburne Street, in Houston. Garza testified that he knew two of the four suspects, and that after obtaining the information he proceeded to the scene described—the driveway of an apartment complex. Garza testified that he arrived at the location and saw six or seven people and that three of the four suspects were in the group. Appellant was among the group, but was not one of the suspects named by the informant. Garza testified that when he got out of the unmarked patrol car, some of the people began to scatter, and that he and the other officers ordered everyone to "freeze" until they completed the investigation.

Officer Kenneth Fedderson testified that during the investigation, he and the other officers searched only the persons named by the informant, that one of the suspects was arrested, and that the other suspects were released. Fedderson further testified that as he arrived on the scene, he noticed that appellant was drinking beer and appeared to be under the age of 21; and that he left his patrol car and asked appellant his age, and appellant responded that he was 19. Fedderson also testified that appellant did not have any identification, and that he arrested appellant for consumption of alcohol by a minor. Following the arrest, Fedderson searched appellant and found a pipe and a matchbox containing cocaine weighing less than 28 grams. Charges were not filed against appellant for the offense of consumption of alcohol as a minor.

In his sole point of error, appellant contends that the trial court erred in admitting the evidence obtained during an unlawful detention. Appellant argues that because he was not one of the suspects identified by the informant, the officers did not have a right to detain him or have probable cause to arrest him.

First, we note that while appellant argues he was arrested for the investigation of a possible drug offense, the record clearly establishes that he was initially arrested for the offense of consumption of alcohol as a minor; only later was he charged with possession of cocaine after a post-arrest search.

Appellant asserts that his conduct did not justify detention for investigative purposes. The State contends that the detention and the resulting arrest were justi-

fied. In order to justify a temporary detention, the officer must have specific articulable facts which, in light of his experience and personal knowledge, together with inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen stopped for further investigation. *Terry v. Ohio*, 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968). The officer must have a reasonable suspicion, based on articulable facts, that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detainee with unusual activity, and some indication that the activity is related to a crime. *Hoag v. State*, 728 S.W.2d 375, 379–80 (Tex.Crim.App.1987); *Kelly v. State*, 721 S.W.2d 586, 587 (Tex. App.–Houston [1st Dist.] 1986, no pet.). Appellant has cited several cases in which the officer did not have a reasonable suspicion to detain. In *Cortinas v. State*, 571 S.W.2d 932, 933–34 (Tex.Crim.App.1978), the court held that a police officer did not have a reasonable suspicion to detain a defendant who was near the scene of the robbery and carrying a paper bag, when the defendant did not fit the description of the robber. Similarly, in *Lippert v. State*, 664 S.W.2d 712, 721–22 (Tex.Crim.App. 1984), the court held that the fact that the defendant was present on the premises during the execution of the search warrant did not authorize his initial detention or the ensuing frisk. Both cases are distinguishable in that the officers did not have a reasonable suspicion justifying a detention.

■ In this case, the specific articulable facts observed by Officer Fedderson justified appellant's detention. When he arrived at the driveway of the apartment complex, Fedderson saw appellant drinking beer and noticed that he appeared to be under the age of 21. When he asked appellant for identification, appellant responded that he did not have any. Under these circumstances, Fedderson had a reasonable suspicion to conduct an investigative stop; therefore, we will consider whether the subsequent events ripened to probable cause for an arrest. When appellant told Fedderson that he was 19 years old, probable cause existed to arrest appellant for the offense of consumption of an alcoholic beverage by a minor. *Guy v. State*, 751 S.W.2d 284, 286 (Tex.App.–Houston [1st Dist.] 1988, no pet.) (reasonable suspicion found to stop defendant where officer observed defendant walking down the street carrying a cigarette lighter, rolling papers, and a small bag); TEX.ALCO.BEV.CODE ANN. § 106.04 (Vernon 1978). Once an officer has made a legal arrest, he is justified in searching the person for objects immediately associated with the person of the arrestee. *Stewart v. State*, 611 S.W.2d 434, 436 (Tex.Crim.App.1981). During the search of appellant's person, Fedderson discovered that appellant had a pipe and some cocaine in his possession. Appellant's drinking beer, youthful appearance, and age justified the initial detention and the resulting arrest flowed from the justified investigative stop.

■ Appellant also urges that the State did not establish the source of the informant's information, or the informant's reliability or credibility. The State contends that appellant's arrest for consumption of alcohol had nothing to do with the narcotics investigation and thus the informant's credibility is irrelevant. Appellant asserts that *Ebarb v. State*, 598 S.W.2d 842, 845 (Tex. Crim.App.1979), is controlling. In *Ebarb*, the court held that where an informant's tip was the only justification for the investigatory stop, and there was no testimony which would enable the court to evaluate the reliability of the informant, there was insufficient evidence of specific articulable circumstances to justify the stop. *See also Moorman v. State*, 638 S.W.2d 68, 71 (Tex. App.—Houston [1st Dist.] 1982, no pet.). The *Ebarb* case is distinguishable, because in the instant case the information provided by the informant was not the basis for appellant's detention and arrest for the consumption of alcohol.

■ Within this point, appellant argues that his oral statement regarding his age was made while in custody and before receiving his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). The State

argues that appellant's responses were made while in detention, rather than in custody. Appellant relies on *Creeks v. State*, 542 S.W.2d 849, 852–53 (Tex.Crim. App.1976), where the court held that, although the defendant had not been arrested, he was in fact detained while waiting for the arrival of the arresting officers and deprived of his freedom of action, and that the statement given by him to a probation officer without *Miranda* warnings was inadmissible. The State asserts that the facts in this case should be treated the same as a detention pursuant to a traffic stop. In *Pennsylvania v. Bruder*, 488 U.S. 9, 109 S.Ct. 205, 207, 102 L.Ed.2d 172 (1988), the Supreme Court held that an ordinary traffic stop, where the police officer asked the driver a number of questions, did not involve custody for purposes of *Miranda;* therefore, statements made by the driver during questioning were admissible. *See also Keaton v. State*, 755 S.W.2d 209, 210 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd) (officer's action of putting motorist in patrol car and asking him to produce driver's license and proof of insurance was not custodial interrogation requiring *Miranda* ). In this case, *Creeks* is not applicable because the facts show that appellant, when questioned about his age, had been detained by Fedderson in connection with the offense of illegal consumption of alcohol and was not arrested until after he made the statement. The State's cases are not directly on point; however, the evidence established that Fedderson's inquiry was made before appellant was in custody. Furthermore, because appellant did not have any identification and Fedderson believed him to be in violation of the law regarding consumption of alcohol by a minor, it was logical that Fedderson questioned him about his age.

■ Next appellant argues that an arrest for the consumption of alcohol by a minor is unlawful without proof that an adult parent, guardian, or spouse was not present. Because appellant was not charged with the offense of consumption of alcohol by a minor, the State was not required to address this issue.

■ Finally, appellant argues that the statute under which he was arrested impermissibly discriminates against minors. Section 106.04 provides:

(a) Except as provided in Subsection (b) of this section, a minor commits an offense if he consumes an alcoholic beverage.

(b) A minor may consume an alcoholic beverage if he is in the visible presence of an adult parent, guardian, or spouse.

TEX.ALCO.BEV.CODE ANN. § 106.04(a), (b) (Vernon 1978).

Appellant argues that the statute discriminates between unmarried and married minors in violation of the equal protection clauses of both the federal and state constitutions. A legislative classification will not be set aside on equal protection grounds if it is rationally related to a legitimate state interest. *Clark v. State*, 665 S.W.2d 476, 481 (Tex.Crim.App.1984). Appellant's argument is unwarranted, because it is clear that minors, whether married or unmarried, cannot consume an alcoholic beverage, unless in the presence of an adult, i.e., spouse, parent, or guardian. Furthermore, the statute serves a legitimate state interest, i.e., to protect minors by preventing them from consuming alcohol. The statute does not violate the equal protection clause, and there was reasonable suspicion to detain, and probable cause to arrest appellant, for the offense of consumption of alcohol by a minor.

Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.