**Demetrius JACKSON, Appellant,**

v.

**The STATE of Texas.**

**No. 1035–96.**

Court of Criminal Appeals of Texas, En Banc.

July 8, 1998.

---

Paul J. Hilbert, Houston, for appellant.

Dan McCrory, Assistant District Attorney, Houston, Matthew Paul, State's Attorney, Austin, for the State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

A jury convicted the appellant of felony possession of cocaine. After finding that the appellant had two prior felony convictions, the trial court assessed punishment at confinement for twenty-five years. The appellant appealed, claiming he was denied effective assistance of counsel at trial because trial counsel did not file a motion to suppress evidence which was obtained pursuant to an allegedly illegal arrest. The Court of Appeals determined that counsel was ineffective and reversed the appellant's conviction. *Jackson v. State,* 921 S.W.2d 809 (Tex.App.—Houston [14th Dist.] 1996). The State petitioned this Court for discretionary review, and we granted the State's petition to consider the Court of Appeals' holding.

The State says that the Court of Appeals ignored the two-pronged test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The State argues that the appellant's claim of ineffectiveness must fail because such a claim will be sustained only if the record affirmatively supports that claim. We agree.

On November 2, 1993, Deputy Sheriff Henry Goss was on patrol and saw the appel-

lant standing in front of a known crack house. *Jackson*, 921 S.W.2d at 810. The house was dilapidated, its windows boarded up and its front door missing. It appeared to be abandoned. Goss testified that when the appellant saw him approach, the appellant made an abrupt move, stuck something in his pants, and then turned to run into the house. A chase ensued. About ten feet into the house, the appellant turned and put his hands in the air. Goss stated that he approached the appellant and "patted him down for weapons or contraband." *Id.* at 811–12. After patting the appellant down Goss found a silver colored crack cocaine pipe in the waistband of his pants. The crack pipe was introduced into evidence without objection from trial counsel. *Id.* at 812. On appeal, the appellant argued that counsel was ineffective in failing to file a motion to suppress the crack pipe, as it was the product of a illegal arrest, and that had the crack pipe not been in evidence, he would have been entitled to a verdict of not guilty. The Court of Appeals agreed.

The Court of Appeals first stated, "[t]he record does not show whether appellant was arrested with or without a warrant." *Jackson*, 921 S.W.2d at 813. The court then declared that Goss did not have probable cause to make a warrantless arrest. The court found, however, that under the facts of the case Goss was justified in making an investigative detention under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *Ibid.* Goss was therefore permitted to conduct a pat-down search of the appellant, but only to the extent necessary to discover weapons which might be used to harm the officer or others. Any search which went beyond that scope, the court stated, would no longer be valid and its fruits should be suppressed. *Ibid.*, citing *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), and *Davis v. State*, 829 S.W.2d 218 (Tex.Cr.App.1992). The Court of Appeals also noted that if, during a valid *Terry* stop, an officer "feels an object whose contour or mass makes its identity immediately apparent," then the warrantless seizure

of that object is justified. *Ibid.*, citing *Minnesota v. Dickerson*, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). The Court of Appeals held that the facts in this case did not sufficiently establish that the discovery of the crack pipe was the result of a valid search under *Terry* or *Dickerson*. *Jackson*, 921 S.W.2d at 814. As a result, the Court of Appeals stated there were "serious questions" as to the validity of the search conducted by Goss, and because the facts surrounding the search were not sufficiently developed, the court could not conclude whether the search was valid or invalid. Because it could not determine the validity of the search, the Court of Appeals concluded that trial counsel was ineffective in failing to challenge the introduction of the crack pipe into evidence. *Ibid.*

The appellant had the burden of proving his claim of ineffective assistance of counsel. *Cannon v. State*, 668 S.W.2d 401 (Tex.Cr.App.1984). The appellant was required to prove that counsel's representation fell below an objective standard of reasonableness based upon prevailing norms and that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *McFarland v. State*, 845 S.W.2d 824 (Tex.Cr.App.1992). A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome of the proceedings. *Miniel v. State*, 831 S.W.2d 310 (Tex.Cr.App.1992). Furthermore, the appellant's burden required him to establish his claims by a preponderance of the evidence. *McFarland*, 845 S.W.2d at 843.

As the Court of Appeals stated, a motion to suppress would have been an appropriate vehicle to challenge the fruits of the allegedly illegal search. Furthermore, all parties agree that if counsel had filed a motion to suppress, and if the motion had been granted, the crack pipe would not have been admitted into evidence. Because the crack pipe was the only direct evidence of the appellant's possession of cocaine, it is unlikely that the evidence would have been sufficient to support his conviction without it.

Nevertheless, the appellant was still obliged to prove that a motion to suppress would have been granted in order to satisfy *Strickland. See Roberson v. State*, 852 S.W.2d 508, 510–12 (Tex.Cr.App.1993) (unless there is a showing that a pre-trial motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel will not be ineffective for failing to assert the motion). As the movant, the appellant was required to have produced evidence that defeated the presumption of proper police conduct. *Russell v. State*, 717 S.W.2d 7 (Tex.Cr.App.1986). The appellant did not meet that burden. First the appellant failed to establish that his arrest was in fact warrantless. Second, even if we were to assume that there was no warrant for his arrest, the appellant failed to establish by a preponderance of the evidence that the crack pipe should have been suppressed. That there may be "questions about the validity of the search" is not enough. *See Jackson v. State*, 877 S.W.2d 768 (Tex.Cr.App.1994) (counsel will not be declared ineffective where the record does not reflect sufficient evidence to support the claim). To prevail on his claim of ineffective assistance of counsel the appellant had the burden to develop facts and details of the search sufficient to conclude that the search was invalid. *McFarland*, 845 S.W.2d at 843; *Russell*, 717 S.W.2d at 9–10. The appellant did not do so. For these reasons, the appellant's claim of ineffective assistance of counsel cannot be sustained on this record.

This is not unusual in cases of this sort.

Experience has taught us that in most instances where the claim of ineffective assistance of counsel is raised, the record on direct appeal is simply not in a shape, perhaps because of the very alleged ineffectiveness below, that would adequately reflect the failings of trial counsel. Indeed, in a case such as this, where the alleged derelictions primarily are errors of *omission* de hors the record rather than *commission* revealed in the trial record, collateral attack may be ... the vehicle by which a thorough and detailed examination of alleged ineffectiveness may be developed and spread upon a record.

*Ex parte Duffy*, 607 S.W.2d 507, 513 (Tex.Cr.App.1980). For this reason we have held that, when direct appeal has not provided an adequate record to evaluate a claim which might be substantiated through additional evidence gathered in a habeas corpus proceeding, we will not apply the general doctrine that forbids raising a claim on habeas corpus after it was rejected on appeal. *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex.Cr.App.1997).

Without prejudice to subsequent habeas corpus proceedings, the opinion of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

BAIRD, J., joins the opinion of the Court for the reasons stated in *Jackson v. State*, 877 S.W.2d 768, 772 (Tex.Cr.App.1994)(Baird, J., concurring).

PRICE, Judge, concurring.

I join the opinion of the Court. I write separately to emphasize the care which our Courts of Appeals must take when analyzing claims, on direct appeal, of ineffective assistance of counsel.

In the present case, the Court of Appeals purported to follow *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) in analyzing appellant's claim of ineffective assistance of counsel. *Jackson v. State*, 921 S.W.2d 809, 811 (Tex.App.—Houston [14th Dist.] 1996, pet. granted). The Court then pointed out that under *Strickland*, the appellant must show both that (1) counsel's representation fell below the objective standard of reasonableness, based on prevailing professional norms; and that (2) but for counsel's unprofessional errors, the result of the proceeding would have been different. *Jackson*, 921 S.W.2d at 811.

The Court also noted that under *Strickland*, there is a strong presumption that counsel's conduct falls within the wide range

of reasonable professional assistance. *Id.* It then stated that "[t]he record before us is devoid of facts that would establish conclusively the validity of the search and seizure in this case" (*Id.*); that "... the facts were not sufficiently developed to determine whether the officer's discovery of appellant's crack pipe was the result of a valid search ..." (*Id.* at 814); and that "... because neither trial counsel nor the prosecutor developed investigative facts and details of the pat-down search by the arresting officer, this court cannot conclude that the search was valid or invalid" (*Id.*). However, it then concluded that under the circumstances, appellant's trial counsel was ineffective. *Id.*

It is clear, from its conclusion, that the Court of Appeals proceeded to apply the exact *opposite* presumption from that mandated by *Strickland.* That is, given the lack of a developed factual record as to the validity of the search and *Strickland*'s strong presumption that counsel's conduct was reasonable, the only logical conclusion that can be reached, under *Strickland,* is that appellant has failed to show that his trial counsel was ineffective. That the Court reached the opposite conclusion shows that, despite its assertions to the contrary, it did not follow the mandates of *Strickland.* In the future, our courts should take greater care when applying such clearly established law.

OVERSTREET, Judge, dissenting.

A jury convicted appellant of felony possession of cocaine. After finding he had two prior felony convictions, the trial court assessed punishment at confinement for 25 years. Appellant appealed, claiming he was denied effective assistance of counsel at trial because trial counsel did not file a motion to suppress evidence which was obtained pursuant to an allegedly illegal arrest. The court of appeals determined that counsel was ineffective and reversed appellant's conviction. *Jackson v. State,* 921 S.W.2d 809 (Tex.App.—Houston [14th Dist.], 1996). This Court granted the State's petition for discretionary review.

The majority concludes that appellant failed to sufficiently develop facts and details of the search sufficient to sustain his claim of ineffective assistance of counsel for failing to seek to suppress the fruits of that search, and reverses the court of appeals. *Jackson v. State,* 973 S.W.2d 954, 956–57 (Tex.Cr.App. 1998). Because I believe that the court of appeals properly applied the law to the facts in addressing appellant's claim, I respectfully dissent.

## I. SUMMARY OF PERTINENT FACTS

According to the record, on November 2, 1993, Deputy Sheriff Henry Goss was on patrol and observed appellant standing in front of a known crack house. *Jackson v. State,* 921 S.W.2d at 810. The house was dilapidated, had boarded up windows, and the front door was missing. It appeared to be abandoned. Goss testified that when appellant saw him approach, appellant made an abrupt move, stuck something in his pants, and then turned to run into the house. A chase ensued. About 10 feet into the house, appellant turned and put his hands in the air. *Id.* Goss stated that he approached appellant and "patted him down for weapons or contraband." After patting appellant down, Goss found a silver colored crack cocaine pipe in the waistband of his pants. At trial, the crack pipe was introduced into evidence without objection from trial counsel. *Id.* at 812.

## II. COURT OF APPEALS

On appeal, appellant argued that counsel was ineffective in failing to file a motion to suppress the crack pipe, as it was the product of an illegal arrest, and that had the crack pipe not been in evidence, he would have been entitled to a verdict of not guilty. The court of appeals agreed.

The court of appeals was presented with two issues on appeal. The first issue was appellant's claim that the trial court erred in not suppressing the cocaine sua sponte. The court of appeals overruled this point because appellant waived any error when trial counsel made no objection to the admission of the evidence. *Id.* at 810–11.

Appellant claimed in his second point that he was denied effective assistance of counsel because his attorney failed to file a motion to suppress at the time of trial. In addressing this point, the court of appeals applied the *Strickland* test and looked at the totality of representation in making its determination. *Id.* at 811, citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The court of appeals reviewed the facts of the case and found that Officer Goss was justified in making an investigative detention under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *Jackson*, 921 S.W.2d at 813. Goss was therefore permitted to conduct a pat-down search of appellant, but only to the extent necessary to discover weapons which might be used to harm the officer or others. Any search which went beyond that scope, the court stated, would no longer be valid and its fruits should be suppressed. *Id.*, citing *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), and *Davis v. State*, 829 S.W.2d 218 (Tex.Cr.App.1992). The court of appeals also noted that if, during a valid *Terry* stop, an officer "feels an object whose contour or mass makes its identity immediately apparent," then the warrantless seizure of that object if justified. *Id.*, citing *Minnesota v. Dickerson*, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). The court of appeals found the facts in this case did not sufficiently establish that the discovery of the crack pipe was the result of a valid search under *Terry* or *Dickerson*. *Jackson*, 921 S.W.2d at 814. As a result, the court of appeals stated there were "serious questions" as to the validity of the search conducted by Goss, and because the facts surrounding the search were not sufficiently developed, the court could not conclude whether the search was valid or invalid. Because it could not determine the validity of the search, the court of appeals concluded that trial counsel was deficient for failing to challenge the introduction of the crack pipe into evidence. *Id.* To complete the test, the court also concluded that the outcome of the trial would have been different if counsel had filed a motion to suppress the cocaine based on an illegal search and seizure, i.e. "appellant would have been entitled to a finding of not guilty." *Id.* at 811.

## III. STATE'S CONTENTIONS

In its first ground for review, the State avers:

> The court of appeals erred in relying upon speculation, rather than facts firmly founded in the record, to determine trial counsel was ineffective.

Its second ground alleges:

> The court of appeals erred in tacitly shifting the burden to the State to bring forth a sufficient record on appeal.

In its third and final ground, the State claims:

> The court of appeals erred in failing to address the second prong of the *Strickland* test.

The State insists that appellant's claim of ineffectiveness must fail because such a claim will be sustained only if the record affirmatively supports that claim, and that this record does not.

## IV. APPELLANT'S CONTENTIONS

Appellant argues the facts of this case should be governed by *Gurrola v. State*, 877 S.W.2d 300 (Tex.Cr.App.1994). In *Gurrola*, this Court reversed the Fourteenth Court of Appeals' affirmation that the trial court did not err in not suppressing the cocaine found on Gurrola. In *Gurrola*, an officer came upon a group of four persons arguing in a residential parking lot. *Id.* at 301. Upon seeing the officer, the individuals terminated the argument and walked away. *Id.* The officer commanded them to come back and put their hands on a parked vehicle. *Id.* After they complied, he then began to pat them down. *Id.* Gurrola was found to be carrying a gun and a packet of cocaine. *Id.* He was arrested and charged with possession of cocaine. *Id.* He filed a motion to suppress the cocaine as the product of an illegal search. At the suppression hearing, Gurrola

testified that they were having a discussion in the parking lot and that the initial detention and subsequent search were illegal. *Id.* The trial court denied the motion to suppress and Gurrola was convicted of possession of cocaine. *Id.* The Fourteenth Court of Appeals affirmed the conviction. *Gurrola v. State,* 852 S.W.2d 651 (Tex.App.—Houston [14th Dist.], 1993). We granted Gurrola's petition and reversed the court of appeals. We held that the trial court abused its discretion in denying Gurrola's motion to suppress because standing and arguing in a residential parking lot during the afternoon was not suspicious behavior justifying the officer's detention of appellant. *Gurrola,* 877 S.W.2d at 305.

## V. ANALYSIS

The court of appeals correctly announced the *Strickland* standard as the applicable standard for reviewing ineffective assistance of counsel claims. *Jackson,* 921 S.W.2d at 811. That two-prong standard, which was adopted by this Court in *Hernandez v. State,* 726 S.W.2d 53 (Tex.Cr.App.1986), requires the defendant to make a showing that counsel's performance fell below an objective standard of reasonableness under prevailing norms, and that but for counsel's errors the outcome would have been different. *Roberson v. State,* 852 S.W.2d 508 (Tex.Cr.App. 1993).

Appellant had the burden of proving his claim of ineffective assistance of counsel. *Cannon v. State,* 668 S.W.2d 401 (Tex.Cr. App.1984). As such, appellant was required to prove that counsel's representation fell below an objective standard of reasonableness based upon prevailing norms and that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *McFarland v. State,* 845 S.W.2d 824 (Tex.Cr. App.1992), *cert. denied,* 508 U.S. 963, 113 S.Ct. 2937, 124 L.Ed.2d 686 (1993). A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome of the proceedings. *Miniel v. State,* 831 S.W.2d 310 (Tex.Cr.App.1992), *cert. denied,* 506 U.S. 885, 113 S.Ct. 245, 121 L.Ed.2d 178 (1992). Furthermore, appellant's burden required him to establish his claims by a preponderance of the evidence. *McFarland,* 845 S.W.2d at 843.

As the court of appeals stated, a motion to suppress would have been an appropriate vehicle to challenge the fruits of the alleged illegal search. And in addressing the first prong of the *Strickland* standard, whether counsel's performance was deficient for not filing and pursuing a motion to suppress the crack pipe, the court considered the merits of such a motion. After reviewing the facts, the court concluded that the search and subsequent seizure were questionable and that counsel was deficient for not challenging such via a motion to suppress. *Jackson,* 921 S.W.2d at 811–13.

The State argues that the court of appeals erred in relying on speculation because the court of appeals stated, "The record before us is devoid of facts that would establish conclusively the validity of the search and seizure in this case. The record does not show whether appellant was arrested with or without a warrant." *Id.* at 811. However, the court of appeals did not rely on speculation. The court reviewed and pointed out the facts from the record on which it relied in making its determination regarding counsel's performance in this case. Not only did the court point out the fact that counsel failed to file a motion to suppress, but also the fact that counsel failed to object to the admission of the crack pipe at trial. *Id.* at 811–12.

The court also pointed out the *lack* of facts in the record surrounding the search and seizure which gives rise to the aforementioned quote. The quote referenced the fact that counsel's cross-examination of the officer was limited to where the officer arrested appellant instead of questions about the specific details of the search. *Id.* at 812.

The State also maintains that an assertion of ineffectiveness will be sustained only if the record affirmatively supports such a claim. I agree with that premise, but believe that a record which includes such an omission as

the failure to file a motion to suppress and a failure to object to the admission of evidence can still affirmatively support a claim of ineffectiveness. The fact that these things are missing from the record reveals counsel's deficiency in this case by their very omission. The State's first ground, which claims that the court of appeals merely relied upon speculation rather than facts firmly grounded in the record, should be overruled.

In its second ground, the State claims the court of appeals erred in tacitly shifting the burden to the State to bring forth a sufficient record on appeal. To emphasize its point, the State centers its attention on the court of appeals' statement, "because neither trial counsel nor the prosecutor developed investigative facts and details of the pat-down search by the arresting officer, this court cannot conclude that the search was valid or invalid." *Jackson*, 921 S.W.2d at 814. However, the court of appeals was merely making the *observation* that neither party developed the specific details surrounding the search and seizure during the trial to reemphasize counsel's deficiency. The court of appeals certainly did not shift the burden to the State; thus ground two should also be overruled.

The State asserts in ground three that the court of appeals erred in failing to address the second prong of the *Strickland* standard.

The second prong requires that but for counsel's errors, the outcome would have been different. The court of appeals concluded that trial counsel failed to file a motion to suppress the evidence of the crack pipe, did not ask for a jury instruction concerning evidence illegally obtained, and did not file a motion for new trial; and because the crack pipe was the only direct evidence of appellant's possession of cocaine, the remaining evidence would have been insufficient to support his conviction. *Id.* Thus the court of appeals did address the second prong. Therefore the State's third ground should also be overruled.

Because all three of the State's grounds for review should be overruled, the court of appeals' opinion and judgment should be affirmed. Because the majority of this Court does not do so, I respectfully dissent.