Opinion issued July 3, 2003




     












In The
Court of Appeals
For The
First District of Texas




NOS. 01-02-00797-CR
                                                          01-02-00798-CR




ANTHONY JOEL CASAS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause Nos. 899400 and 899420




MEMORANDUM OPINION
          Anthony Joel Casas, appellant, pleaded guilty to two counts of aggravated
robbery. The trial court assessed punishment at 75 years’ confinement in each case. 
In two points of error, appellant complains of ineffective assistance of counsel during
the punishment phase of his trial. We affirm.
Facts
Indictments
          Appellant was charged with two separate offenses of aggravated robbery. The
first indictment, Cause Number 899400, accused appellant of intentionally and
knowingly threatening and placing Mary Lozano in fear of imminent bodily injury
and death while using a knife in the course of committing a theft. The second
indictment, Cause Number 899420, accused appellant of intentionally and knowingly
threatening and placing Angie Smith in fear of imminent bodily injury and death
while using a knife in the course of committing a theft.
          Appellant pleaded guilty without a plea bargain as to sentencing. The guilty
plea provided for a pre-sentence investigation (PSI) report and hearing to determine
appellant’s sentence.
Pre-sentence Investigation Hearing 
          Smith, Lozano, Officer Lorenzo Verbitskey, and appellant testified at the PSI
hearing. Smith testified that, as she was putting grocery bags into her car, appellant
jumped on her back, put one hand over her eyes, and stabbed her in the back. 
Appellant asked her for her purse and kept stabbing her. Smith was scared for her
life. She began screaming, and other people in the parking lot came to her aid. As
the people came closer, appellant ran to his car. As he was getting into his car,
appellant pulled off the ski mask he was wearing, turned around, and got into the car.
          Lozano testified that, when she was walking to the bus stop to go to work,
appellant, who was standing near a parked car, started coming toward her and began
hitting her. Appellant took her purse and put it in the front seat of his car. Lozano
grabbed at appellant’s pant leg as he turned to get into his car and brought him to the
ground. Appellant turned and hit Lozano again, then drove off. Lozano feared for
her life. She learned later at the hospital that appellant had stabbed her.
          Verbitskey testified about the knife blade found at the crime scene where
Lozano had been robbed. No evidence was recovered that aided or assisted in
determining who attacked Lozano. 
          Appellant testified that he did attack both Smith and Lozano, but that he did not
remember the details because he was on drugs at the time. Appellant testified that
both of his parents had spent time in prison for drugs. He also testified that he needed
counseling to manage his anger.
          After reviewing the PSI report and hearing the foregoing witnesses, the court
sentenced appellant to 75 years’ confinement in each case, with the sentences to run
concurrently. Appellant was appointed new counsel for his appeal. Appellant filed
a motion for new trial in which he argued that evidence tending to show his
innocence was withheld, he received ineffective assistance of counsel, and his pleas
were involuntary.
Hearing on the Motion for New Trial
          The trial court denied appellant’s motion for new trial at the hearing on the
basis of affidavits filed with the court. These included appellant’s affidavit and the
controverting affidavits of Robert Scott, appellant’s trial counsel, and Janis Barnard,
the pre-sentence investigator. 
          Appellant claimed, in the affidavit attached to his motion, (1) that he did not
make a meaningful choice as to whether he should have a PSI hearing, thereby
making his plea of guilty involuntary; (2) he asked his trial attorney, Scott, to get a
“cap” on his sentence, but Scott did not tell the district attorney about that request;
(3) Scott did not pursue a motion to suppress appellant’s confession, even though
appellant told Scott he was under the influence of narcotics and had been beaten (by
someone other than the police) prior to providing his statement; and (4) Scott was not
prepared at the sentencing hearing because he did not visit appellant in jail and
ignored the list of references appellant provided.
          In his controverting affidavit, Scott stated that he had spoken with appellant
about the punishment range for the offenses. He reviewed the State’s file and was
familiar with the facts. Appellant was very cooperative with Scott and never denied
his guilt. Appellant maintained his guilt and did not want to go to trial. Scott
explained appellant’s options to him, and appellant chose to have a PSI hearing to
assess punishment. Scott stated that there was never any discussion about a “cap” on
appellant’s punishment with appellant, and therefore that information was not
conveyed to the district attorney. Scott talked to appellant about appellant’s
confession, and appellant never indicated that the confession was anything but
voluntary. Appellant never mentioned that he had been under the influence of
narcotics while giving his statement or that he had been beaten prior to giving the
statement. Scott informed appellant of the purpose of the PSI hearing and what it
entailed. He also explained to appellant that he needed information from him about
his background. Appellant never gave any such information to Scott, and Scott never
received any information from elsewhere that could be included in the PSI report. 
Appellant reviewed the final report and made no corrections or additions to it.
          Barnard, the pre-sentence investigator, stated in her affidavit that she clearly
informed appellant he should submit references or character letters from friends and
family and that it was his responsibility to do so. She gave appellant her mailing
address and facsimile number and told him that she would accept the letter by mail,
facsimile, or in person. She gave the same information to Scott. She never received
any letters from appellant or from any friends or family members.
Ineffective Assistance of Counsel
          In two points of error, appellant argues that he was denied effective assistance
of counsel during the punishment phase of his trial and that the cumulative effects of
his attorney’s errors resulted in ineffective assistance of counsel. Specifically,
appellant complains that he was not given the opportunity to make a voluntary choice
between trial and a PSI hearing; that he asked Scott to get a “cap” on his sentence;
that his confession was involuntary and Scott should have sought a motion to
suppress; and that Scott ignored a list of character references appellant provided and
was not prepared for the PSI hearing.
          To show ineffective assistance of counsel, an appellant must demonstrate (1)
that counsel’s representation fell below an objective standard of reasonableness based
on prevailing professional norms and (2) that, but for counsel’s errors, there is a
reasonable probability the result of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064-65, 2068
(1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). A
“reasonable probability” is defined as a probability sufficient to undermine
confidence in the outcome. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999); Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). It is an
appellant’s burden to prove a claim of ineffective assistance of counsel by a
preponderance of the evidence. Thompson, 9 S.W.3d at 813; Jackson, 973 S.W.2d
at 956; McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992). An
appellant must satisfy both prongs of the Strickland test, or the claim of ineffective
assistance will fail. 466 U.S. at 697, 104 S. Ct. 2069; Garcia v. State, 57 S.W.3d 436,
440 (Tex. Crim. App. 2001).
          We must look to the “totality of the representation and the particular
circumstances of each case” in evaluating the effectiveness of counsel. Thompson,
9 S.W.3d at 813. In so doing, we recognize the strong presumption that counsel’s
performance fell within the wide range of reasonable professional assistance. 
Strickland, 466 U.S. at 688, 104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813. As the
Supreme Court observed;
It is all too tempting for a defendant to second-guess counsel’s
assistance after conviction or adverse sentence, and it is all too easy for
a court, examining counsel’s defense after it has proved unsuccessful,
to conclude that a particular act or omission of counsel was
unreasonable.

Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. To defeat the presumption of
reasonable professional assistance, “any allegation of ineffectiveness must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness.” McFarland, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The
appellant must prove his claim of ineffective assistance of counsel by a
preponderance of the evidence. Thompson, 9 S.W.3d at 813; Jackson, 973 S.W.2d
at 956; McFarland v. State, 845 S.W.2d at 843. Here, the record does not
affirmatively show ineffectiveness by a preponderance of the evidence with respect
to any of the grounds alleged by appellant. Therefore, appellant has not met the
burden of the first prong of Strickland.
          Accordingly, we overrule appellant’s first point of error. Because we have
determined that none of the four claims of ineffective assistance of counsel are
meritorious individually, they cannot cumulatively constitute ineffectiveness. See
Calixto v. State, 66 S.W.3d 505, 513 (Tex. App.—Austin 2001, pet. ref’d). We
overrule appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court.


                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Hedges, Nuchia, and Keyes.
Do not publish. Tex. R. App. P. 47.2(b).