In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00245-CR
______________________________


ROBERT K. RAWLES, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 202nd Judicial District Court
Bowie County, Texas
Trial Court No. 01-F-0468-202


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Robert K. Rawles appeals from his conviction by a jury for aggravated sexual
assault on a child, a thirteen-year-old girl. The jury assessed his punishment at twenty
years' imprisonment. On appeal, Rawles contends trial counsel's performance was
constitutionally deficient and ineffective, and resulted in the wrong result at trial. 
          The State presented testimony from the victim, who was in her early twenties at the
time of trial, that she and Rawles had sexual intercourse three times over a period of two
months in 1994. Rawles' contentions of ineffective assistance of counsel are based on
counsel's alleged failure to obtain sufficient (and available) information to support his
defenses against the charge. Those defenses were, first, that he was, at the times alleged,
employed in another city and working extremely long hours, and was not at the house in
Texarkana; thus, he could not have engaged in the acts. He contends counsel did not
obtain employment records to support this defense, instead relying on Rawles' testimony
and his check stubs. The second defense was that the victim had a venereal disease at
the time of the alleged offense, and although Rawles testified he did not, the defense
position would have been stronger had counsel obtained information to confirm this
information. Rawles contends that, in these two respects, counsel was constitutionally
ineffective for failing to prepare properly for trial.
          The standard of testing claims of ineffective assistance of counsel is set out in
Strickland v. Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional
claims in Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). To prevail on
this claim, an appellant must prove by a preponderance of the evidence (1) that his or her
counsel's representation fell below an objective standard of reasonableness and (2) that
the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687; Rosales
v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet this burden, the appellant
must prove that the attorney's representation fell below the standard of prevailing
professional norms and that there is a reasonable probability that, but for the attorney's
deficiency, the result of the trial would have been different. Tong v. State, 25 S.W.3d 707,
712 (Tex. Crim. App. 2000).
          When, as in this case, ineffective assistance of counsel is raised on direct appeal,
appellate counsel and the court must proceed on a trial record not developed for the object
of litigating or preserving the claim and thus often incomplete or inadequate for this
purpose. Freeman v. State, 125 S.W.3d 505, 506 (Tex. Crim. App. 2003). However, some
claims may be disposed of on direct appeal where "trial counsel's ineffectiveness is so
apparent from the record." Massaro v. United States, 538 U.S. 500 (2003); Freeman, 125
S.W.3d at 506. Such situations are rare. 
          In this case, Rawles complains because his counsel did not obtain records and then
effectively present them to the jury for consideration. The appellate record in this case,
however, does not show that such records actually existed, that they could be obtained if
they had existed, or whether the records would have actually been helpful to Rawles'
defense. It is possible that they could have been helpful. Evidence that an alleged rape
victim had a pre-existing venereal disease—and that the person alleged to have had sex
with that victim three separate times during the time she had the disease did not himself
have the disease either before or after the alleged assault—would likely be relevant. 
Similarly, if records could be obtained showing that Rawles was not present at the location
at the relevant time because he was in another city, this would likewise be relevant to his
defense.
          To defeat the presumption of reasonable professional assistance, an allegation of
ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. McFarland v. State, 928 S.W.2d 482, 500 (Tex.
Crim. App. 1996). In such a case, where the alleged derelictions primarily are errors of
omission outside the trial record rather than commission revealed in the record, collateral
attack may be the vehicle by which a thorough and detailed examination of alleged
ineffectiveness may be developed and spread upon a record. Jackson v. State, 973
S.W.2d 954, 957 (Tex. Crim. App. 1998). Under the record presented in this direct appeal,
we cannot address those questions, and appellant's arguments remain nothing more than
speculation. 
 

          We affirm the judgment. 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      November 10, 2004
Date Decided:         December 22, 2004

Do Not Publish