IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0993-03, PD-0994-03, PD-0995-03, PD-0996-03






LONNIE RAY ANDREWS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Keller, P.J., filed a dissenting opinion.



 The Court finds counsel ineffective without permitting him to defend himself, and the reason
for doing so seems to be the Court's inability to conceive of a trial strategy for failing to object to
the prosecutor's argument. I respectfully dissent.

 Time and again, we have reversed courts of appeals decisions that find ineffective assistance
of counsel. (1) Especially in cases like this one, "where the alleged derelictions primarily are errors of
omission de hors the record rather than commission revealed in the trial record" we have said that
"collateral attack may be the vehicle by which a thorough and detailed examination of alleged
ineffectiveness may be developed and spread upon a record." (2) Our inability to think of a strategy
does not mean that such a strategy could not have existed. There is no good reason to jump the gun
and grant relief in this case, when the record - and counsel's reasons for his actions - can be fully
developed on habeas.

 There is another reason not to grant relief at this point. The Court makes an effort to explain
why this case is different from the many ineffective-assistance cases in which we have reproved
courts of appeals for granting relief. But the only difference seems to be that in those cases it was
the court of appeals that could think of no strategy for counsel's actions, and in this case it is our
Court that can think of no strategy. I do not know what lesson the courts of appeals are to gather
from our inconsistent approaches to these claims.

 Moreover, the Court brands defense counsel "ineffective" without giving him a chance to
explain the reasons for his actions. I would not denounce counsel without giving him a chance to
respond to these allegations. Even in post-conviction writ applications, this Court's consistent
practice is to give defense counsel a chance to respond to charges of ineffective assistance. Finally, under a bill now pending in the legislature, any attorney found to have rendered
ineffective assistance of counsel will be forever ineligible for appointment as either lead or second-chair counsel in a death penalty case - at trial, on appeal, or in post-conviction habeas. (3) The Court's
decision in this case could have far-reaching consequences for the luckless trial attorney. If there
were no alternative to granting relief on direct appeal, perhaps I would find appellant's argument
more persuasive. But habeas corpus, where a detailed examination of these claims "may be
developed and spread upon a record," not only avoids the pitfalls I have anticipated, but offers a
better method of arriving at the truth.

 It may well be that appellant will prove his allegations and obtain relief on habeas corpus. 
But granting relief at this juncture is premature.

 Keller, Presiding Judge

Date filed: March 23, 2005

Publish

 



 
1. See, e.g., Freeman v. State, 125 S.W.3d 505 (Tex. Crim. App. 2003); Rylander v. State,
101 S.W.3d 107 (Tex. Crim. App. 2003); Bone v. State, 77 S.W.3d 828 (Tex. Crim. App. 2002).
2. Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).
3. Proposed H.B. 268 (proposed Article 11.071, §1(d)(2)(D)), House Comm. Report,
March 1, 2005.