In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-191 CR


____________________



WILLIAM HENRY SANDERS, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. CR 24764






 MEMORANDUM OPINION 


 In this case, William Henry Sanders, Jr. complains that he received ineffective
assistance of counsel and asks this Court to reverse the trial court's judgment and remand this
case for a new trial. We affirm.

 The procedural background for this case is straightforward. Sanders waived his right
to a jury trial and pled "not guilty" to burglary of a habitation. See Tex. Pen. Code Ann. §
30.02 (Vernon 2003). After a bench trial, the trial court found Sanders guilty. Subsequently,
Sanders pled "true" to two enhancement counts for prior felony-offense convictions, one in
1986 and one in 1995. The trial court sentenced Sanders to twenty-five years in prison. (1)
 
While the record reveals that Sanders filed a motion for new trial, there was no hearing on
the motion. 

 In two issues, Sanders asserts that his trial counsel provided ineffective assistance.
Sanders faults his attorney with failing to seek a psychiatric examination of Sanders and with
waiving the preparation of a pre-sentence investigation report.

 To establish ineffective assistance of counsel, an appellant must show that: "1) trial
counsel's performance was deficient because it fell below an objective standard of
reasonableness; and 2) a probability sufficient to undermine confidence in the outcome
existed that, but for counsel's unprofessional errors, the result of the proceeding would have
been different." Rylander v. State, 101 S.W.3d 107, 109-10 (Tex. Crim. App. 2003)(citing
Strickland v. Washington, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) in explaining the two prong
Strickland test for ineffective assistance of counsel). As a reviewing court, we cannot
speculate as to the reasons why trial counsel acted as she did; rather, we must be highly
deferential and presume trial counsel's actions fell within the wide range of reasonable and
professional assistance. See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). 
Further, any allegations of ineffectiveness must be firmly founded in the record. Id. at 835. 
Generally, the trial record will not show whether there were sound reasons or trial strategy
justifying counsel's performance and, thus, will not suffice to establish an ineffective
assistance of counsel claim. Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App.
1999). 

 Although Sanders filed a motion for new trial, no hearing was conducted to explore
defense counsel's trial strategy. Accordingly, there is no evidence from defense counsel's
perspective concerning the complained-of actions. In the absence of an evidentiary record
that adequately reflects the motives behind counsel's action or inaction, it is difficult to prove
that counsel's performance was deficient. Rylander, 101 S.W.3d at 110-11. Absent record
evidence to the contrary, we presume that counsel's conduct fell within the wide range of
reasonable professional assistance. Thompson, 9 S.W.3d at 813-14. Without record
evidence both establishing deficiency and rebutting the presumption of reasonable
assistance, Sanders is unable to satisfy the first prong of Strickland. See Thompson, 9
S.W.3d at 813-14; Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998)(explaining
that the record on direct appeal is often particularly inadequate to reflect the failings of trial
counsel when the errors complained of are errors of omission). 

 Further, Sanders has failed to show how his counsel's errors, if any, caused harm.
Rylander, 101 S.W.3d at 109-10 (requiring the defendant to show that as a result of his
counsel's unprofessional errors, the outcome of the proceeding would have been different).
Sanders received the minimum sentence and the record is silent as to how a psychiatric exam
or PSI would have resulted in a different outcome at trial. 

 We overrule Sanders's two issues and affirm the trial court's judgment 

 AFFIRMED.


 ___________________________

 HOLLIS HORTON

 Justice



Submitted on October 26, 2005

Opinion Delivered January 4, 2006

Do Not Publish


Before Gaultney, Kreger and Horton, JJ.
1. Sanders was convicted of first-degree-felony burglary of a habitation. See Tex. Pen.
Code Ann. § 30.02(d) (Vernon 2003). When, as here, the conviction is enhanced with two
prior felony convictions, the punishment range becomes "any term of not more than 99 years
or less than 25 years." See Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2005).