Opinion issued September 26, 2002









 





In The

Court of Appeals

For The

First District of Texas





 NOS. 01-01-00974-CR

 01-01-00975-CR

 01-01-00976-CR

____________


DERRICK COBBS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 122nd District Court

Galveston County, Texas

Trial Court Cause Nos. 01CR1420, 01CR1361, 01CR1362






O P I N I O N

 Appellant, Derrick Cobbs, pleaded not guilty to two counts of retaliation and
one count of possession of a controlled substance. A jury found appellant guilty and
sentenced him to eight years in prison for possession and eight and six years,
respectively, for the two retaliation offenses. In two points of error, appellant argues
(1) the Texas Rules of Appellate Procedure prevent indigent criminal defendants from
asserting ineffective assistance of counsel claims, and (2) his trial counsel was
ineffective. We affirm.

Background


 On July 25, 2001, appellant was stopped by League City Police Officers Ward
and Yates after they noticed he was driving with his hazard lights on in a car that had
a flat tire and was not displaying license plates. During the stop, Officer Ward saw
what appeared to be a marihuana cigarette lying on the console. After searching the
car, the officer discovered a "baggy of a powdery substance" and a rock of what
appeared to be crack cocaine. Appellant was arrested for possession of a controlled
substance after the substance was field tested for cocaine. While at the League City
Jail, appellant slapped Officer Ward and told him, "Next time I see you I'm going to
shoot you in the face." During the booking process, appellant told League City Police
Lieutenant James Spencer, "When I get out of here, I'm going to shoot you in the
face." Appellant was charged with two counts of retaliation. 

 Appellant executed a pauper's oath and was appointed counsel by the trial
court. After the verdict was entered, appellant filed a timely notice of appeal, trial
counsel withdrew, and appellate counsel was appointed. Neither the trial counsel nor
the appellate counsel filed a motion for new trial.

Constitutional Challenge


 In his first point of error, appellant argues his constitutional rights were
violated because he, as an indigent defendant, was "structurally and procedurally"
prevented from asserting ineffective assistance of counsel.

 Appellant argues that filing ineffective assistance of counsel claims are a
"Catch-22." (1) A defendant has 30 days to file a motion for new trial. Tex. R. App. P.
21.4(a) (Vernon 2002). A court reporter has 60 days to transcribe the record. Tex.
R. App. P. 35.3 (Vernon 2002). Therefore, if an attorney is appointed to represent the
defendant on appeal, he must, in most circumstances, file the motion for new trial
without the benefit of the record. If the newly appointed appellate counsel opted to
forego the motion for new trial, the law is well-settled that, absent a record on the
motion for new trial, it is difficult for the defendant to overcome the presumption that,
under the circumstances, the challenged action might be considered sound trial
strategy. See Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 2064
(1984); Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.--Houston [1st Dist.] 1996,
no pet.). Appellant suggests appellate counsel is faced with the choice of either filing
a potentially frivolous motion for new trial or waiving his client's claim due to time
limitations. 

 Appellant proposes two alternative resolutions for rectifying this alleged
"Catch-22:" (1) tolling the deadline for a motion for new trial based on ineffective
assistance of counsel until 30 days after the reporter's record has been prepared, or
(2) appointing counsel for a post-conviction writ alleging ineffective assistance of
counsel.

 Here, appellant was represented by appellate counsel the day after sentences
were imposed, but no motion for new trial was ever filed. Even if the record was not
fully developed, counsel could have filed a motion for new trial in order to have a
hearing to further develop the issues of ineffective assistance of counsel.

 Additionally, appellant concedes that a writ of habeas corpus is a collateral
attack, and he does not have a constitutional right to counsel when pursuing a
collateral attack on a conviction. See Pennsylvania v. Finley, 481 U.S. 551, 555, 107
S. Ct. 1990, 1993 (1987). 

 We overrule appellant's first point of error.

Ineffective Assistance of Counsel
 

 In his second point of error, appellant contends his trial counsel was
ineffective. Appellant asserts his trial counsel was ineffective because she (1) failed
to file a Batson (2) challenge at voir dire, (2) failed to call appellant as a witness, (3)
failed to file a motion to suppress, (4) failed to ask for a jury instruction, (5) failed to
develop a defense theory, (6) failed to object to inflammatory questions at the
punishment, and (7) failed to call witnesses during the punishment hearing. 

 To show ineffective assistance of counsel, an appellant must demonstrate
counsel's representation fell below an objective standard of reasonableness based on
prevailing professional norms, and that, but for counsel's errors, there is a reasonable
probability the result of the proceeding would have been different. Strickland v.
Washington, 466 U.S. 668, 688, 694, 104 S. Ct. 2052, 2064-65, 2068 (1984);
Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). A "reasonable
probability" is defined as a probability sufficient enough to undermine confidence in
the outcome. Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Jackson
v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998). It is an appellant's burden to
prove a claim of ineffective assistance of counsel by a preponderance of the evidence. 
Thompson, 9 S.W.3d at 813; Jackson, 973 S.W.2d at 956; McFarland v. State, 845
S.W.2d 824, 843 (Tex. Crim. App. 1992). An appellant must satisfy both prongs of
the Strickland test, or the claim of ineffective assistance will fail. 466 U.S. at 697,
104 S. Ct. 2052; Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

 The assessment of whether a defendant received effective assistance of counsel
must be made according to the facts of each case. Thompson, 9 S.W.3d at 813. We
must look to the "totality of the representation and the particular circumstances of
each case" in evaluating the effectiveness of counsel. Id. In so doing, we must also
recognize the strong presumption that counsel's performance fell within the wide
range of reasonable professional assistance. Strickland, 466 U.S. at 688, 104 S. Ct.
at 2065; Thompson, 9 S.W.3d at 813. As the Supreme Court observed "it is all too
tempting for a defendant to second-guess counsel's assistance after conviction or
adverse sentence, and it is all too easy for a court, examining counsel's defense after
it has proved unsuccessful, to conclude that a particular act or omission of counsel
was unreasonable." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. To defeat this
presumption of reasonable professional assistance, "any allegation of ineffectiveness
must be firmly founded in the record, and the record must affirmatively demonstrate
the alleged ineffectiveness." McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996). 

 Appellant lists seven omissions of his trial counsel that he believes constitute
ineffective assistance of counsel. First, appellant, who is black, argues that, despite
the fact there were numerous black people on the jury panel, there were no black
people seated on the jury, and his trial counsel did not raise a Batson challenge. 
Second, appellant complains that, in her opening statement, trial counsel told the jury
that she expected her "witness," referring to appellant, to testify. Counsel never
called appellant to testify during the guilt/innocence phase of trial. Appellant argues
that there is "no conceivable trial strategy that would support telling a jury you expect
your client to testify and then not calling him." Third, appellant contends that trial
counsel tried to establish that the drugs were not in plain view, but counsel was
ineffective because she failed to file a motion to suppress the evidence that she was
trying to establish was obtained by an illegal search. Fourth, appellant complains that
trial counsel did not request a jury instruction regarding probable cause and plain
view. Appellant asserts that "there is no conceivable trial strategy that would justify
arguing a defense, but not requesting an instruction for it in the jury charge." Fifth,
another defense theory was that appellant did not have control of the car and that the
drugs were in the car before he got in. Appellant is critical of trial counsel for failing
to call any witnesses to support this theory and for failing to offer any evidence in
support of this theory. Sixth, during the punishment phase, trial counsel failed to
object when the prosecution asked appellant whether the police officers who testified
were lying. Appellant argues this improper question was "so inflammatory that there
can be no conceivable trial strategy to allow this testimony to go unchallenged." 
Seventh, lastly, appellant argues trial counsel failed to call any witnesses during the
punishment phase in support of appellant. 

 Without determining whether the seven alleged omissions constituted
ineffective assistance of counsel, we hold appellant has failed to demonstrate that, but
for counsel's errors, there is a reasonable probability the result of the proceeding
would have been different. See Strickland, 466 U.S. at 688, 104 S. Ct. at 2064-65. 
Officers Ward and Yates saw appellant driving a car with a flat tire, its hazard lights
on, and missing license plates. Once appellant finally stopped the car, Officer Ward
saw drugs on the console and floorboard of the car. After he was arrested, appellant
threatened to shoot Officer Ward and Lieutenant Spencer. There was overwhelming
evidence to establish appellant's guilt.

 We overrule appellant's second point of error.

Conclusion


 We affirm the judgment.



 Evelyn V. Keyes

 Justice


Panel consists of Justices Hedges, Keyes, and Evans. (3)


Do not publish. Tex. R. App. P. 47.
1. Joseph Heller, Catch-22: A Novel, (Scribner Paperback, 1994).
2. Batson v. Kentucky, 476 U.S. 79, 106 S. Ct. 1712 (1986).
3. The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.