Opinion issued September 11, 2003



     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00403-CR




KENNETH VINCENT HEWITT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 846,981




MEMORANDUM OPINION
          A jury convicted Kenneth Vincent Hewitt, appellant, of the offense of
aggravated sexual assault of a child younger than 14 years of age, and assessed
punishment at 15 years’ confinement. In a single issue on appeal, appellant argues
that he was deprived of his right to effective assistance of counsel. See U.S. Const.
amend. VI.
          We affirm.
Facts
          The complainant in this case is appellant’s adopted daughter. Complainant
testified at trial that appellant started touching her breasts and private parts when she
was in the sixth or seventh grade. Sherrell Roberson, complainant’s school principal,
testified at trial that complainant approached her and told her that she wanted to talk
with her about something, but that she was scared. Later, complainant approached
Roberson and asked her whether it was wrong for someone to touch her in private
places. Roberson further testified that, a few weeks later, complainant gave her a note
in which she asked “what would happen if someone in her family touched her again.” 
After receiving the note, Roberson summoned complainant to her office and
complainant told Roberson that appellant had asked her to sleep in his bed, and that,
while she was in his bed, appellant had touched her breasts and vaginal area. At trial,
before Roberson testified as to the contents of this particular conversation, appellant’s
trial counsel objected to hearsay, and was overruled by the trial court. Roberson went
on to testify at trial, without objection, as to another conversation that she had with
complainant, in which complainant told Roberson that appellant had told complainant
that he wanted to perform oral sex on her. When Roberson went on to testify about
the contents of a letter that she had later received from complainant, the trial court
sustained appellant’s objection to hearsay.
          The State also called Pepper Mason, a former case worker for Children’s
Protective Services, to testify about complainant’s disclosure of sexual abuse to her. 
Before Mason could testify as to conversations that she had with complainant,
appellant’s trial counsel objected on the grounds of hearsay. Both counsel
approached the bench, and the State argued that the testimony was admissible because
Mason was going to talk about appellant’s attempted penetration of complainant,
which was a different type and instance of abuse than the touching testified to by
Roberson. After a hearing at the bench, the trial court overruled the hearsay
objection. Mason then testified that complainant had told her that, on more than one
occasion, appellant had attempted to put his private part into her private part. 
Discussion
          In his single issue, appellant argues that he was denied effective assistance of
counsel because his trial counsel failed to identify Roberson as a witness who did not
meet the statutory requirements of an “outcry” witness, and failed to have her
testimony excluded. Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon Supp. 2003).
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984); see also Gamble v. State, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st
Dist.] 1996, no pet.). Appellant must show both that (1) counsel’s performance was
so deficient that he was not functioning as acceptable counsel under the Sixth
Amendment, and (2) but for counsel’s error, the result of the proceeding would have
been different. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Gamble, 916 S.W.2d
at 93. The appellant has the burden to prove his ineffective assistance claim by the
preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998). 
          In this case, even if we were to assume that the trial counsel’s performance was
deficient, appellant has not met his burden, under the second prong of Strickland, of
showing by the preponderance of evidence that, but for the counsel’s error, the result
would have been different. See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. 
          In appellant’s indictment, he was charged with unlawfully causing the sexual
organ of complainant to contact appellant’s sexual organ. Roberson, whose testimony
appellant argues should have been excluded, testified as to appellant’s touching and
fondling of complainant, but she did not provide any evidence of the offense charged
in the indictment—unlawfully causing the sexual organ of complainant to contact the
sexual organ of appellant. It was Mason who testified as to discussions he had with
complainant in which complainant told him that, on more than one occasion,
appellant had attempted to put his private part into her private part. Additionally,
complainant herself testified at trial that appellant had tried to put his private part into
her private part. Appellant does not argue that Mason’s testimony should have been
excluded, and Mason’s, as well as complainant’s testimony provided ample evidence
that the jury could have relied upon in convicting appellant. Accordingly, we hold
that appellant has not proved by the preponderance of the evidence that, but for the
trial counsel’s deficient performance in failing to exclude Roberson’s testimony, he
would have obtained a different result. See Strickland, 466 U.S. at 687, 104 S. Ct. at
2064. 
          We overrule appellant’s sole point of error.
Conclusion
We affirm the trial court’s judgment.
 
          
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Higley.
Do not publish. Tex. R. App. P. 42.2(b).