

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00332-CR

**DARRYL LYNN NICKERSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 361st District Court
Brazos County, Texas
Trial Court No. 09-02539-CRF-361

## MEMORANDUM OPINION

The jury convicted Darryl Nickerson of unlawful possession of a firearm by a felon. The trial court assessed punishment at 34 years confinement. We affirm.

### Sufficiency of Evidence

In his second issue, Nickerson argues that the evidence is insufficient to support his conviction. The Court of Criminal Appeals has expressed our standard of review of a sufficiency issue as follows:

> In determining whether the evidence is legally sufficient to support a conviction, a reviewing court must consider all of the evidence in the

> light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper*, 214 S.W.3d at 13.

*Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011), *cert den'd*, 183 L.Ed. 2d 71, -- S.Ct. --, 2012 WL 509637, U.S.L.W. 3667 (June 4, 2012).

The Court of Criminal Appeals has also explained that our review of "all of the evidence" includes evidence that was properly and improperly admitted. *Conner v. State*, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). And if the record supports conflicting inferences, we must presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). Further, direct and circumstantial evidence are treated equally: "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Finally, it is well established that the factfinder is entitled to judge the credibility of witnesses and can choose to believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

Jessica Sweed was previously in a relationship with Nickerson. On March 7, 2009, Jessica, Tilicia Sweed, and Rasheda Henderson, went to Houston for the evening.

On the way home, Jessica was speaking to Nickerson on the phone, and Nickerson was upset. Tilicia testified that when they arrived at Jessica's apartment complex, Nickerson "appeared out of no where." Nickerson opened the driver's side door and tried to pull Jessica out of the truck. Tilicia testified that Nickerson had a gun in his hand. The police arrived, and Nickerson went into Jessica's apartment. Tilicia went into the apartment with Nickerson.

Officer Andrew Drake, with the College Station Police Department, testified that he was dispatched to the Windsor Pointe Apartment complex for a civil disturbance. The dispatcher informed Officer Drake that there was a potential subject with a firearm. When he approached the apartment, Jessica and Rasheda were outside screaming. Officer Drake pulled them away from the apartment. Jessica told Officer Drake that Nickerson was inside with her children and that he had a gun. Jessica described the firearm to Officer Drake and stated that Nickerson had approached her in the parking lot. She said that Nickerson was waving the gun around saying that he would shoot someone. Officer Drake testified that Tilicia came out of the apartment and then Nickerson surrendered and came out of the apartment without the firearm. Jessica gave officers permission to search her apartment. Officers found a firearm inside of the apartment matching the description Jessica had given.

A person who has been convicted of a felony commits an offense if he possesses a firearm after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony. TEX. PENAL CODE ANN. 46.04 (a)(1) (West 2011). To support a conviction for possession of a firearm, the State must show

(1) that the accused exercised actual care, control, or custody of the firearm, (2) that he was conscious of his connection with it, and (3) that he possessed the firearm knowingly or intentionally." *Hutchings v. State*, 333 S.W.3d 917, 920 (Tex. App.—Texarkana 2011, pet. ref'd).

The record shows that Nickerson was released from prison on April 21, 2006. The incident occurred on March 7, 2009, which is before the fifth anniversary of his release. Nickerson argues that the evidence is insufficient to show that he possessed the firearm. Tilicia testified that Nickerson had the gun in his hand. Jessica told Officer Drake that Nickerson had a gun and was waving it in the air. Jessica described the gun to Officer Drake, and a gun matching the description was located inside of her apartment after Nickerson surrendered. Nickerson later told police that he had purchased the gun a year before the incident. We find that a rational trier of fact could have found that Nickerson committed the offense of unlawful possession of a firearm by a felon. We overrule Nickerson's second issue.

## Ineffective Assistance of Counsel

In his first issue, Nickerson complains that he received ineffective assistance of counsel. To determine if trial counsel rendered ineffective assistance, we must first determine whether Nickerson has shown that counsel's representation fell below an objective standard of reasonableness and, if so, then determine whether there is a reasonable probability that the result would have been different but for counsel's errors. *Strickland v. Washington*, 466 U.S. 668, (1984). We must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance,

and Nickerson must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Stafford v. State*, 813 S.W.2d 503, 508-09 (Tex. Crim. App. 1991). An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Nickerson argues that his trial counsel was deficient in five areas:

1. Counsel did not file a Motion to Suppress the Warrantless Arrest of the Appellant.
2. Counsel failed to Voir Dire the Jury on Appellant's right against self-incrimination, despite knowing Appellant would not testify.
3. Appellant's counsel declined to make an opening statement to the Jury.
4. Trial counsel did not move for an instructed verdict at the close of the State's evidence.
5. Trial counsel should have subpoenaed Jessica Sweed whether or not he believed the State would call her, to allow Appellant to confront his lone accuser.

Nickerson must prove that the motion to suppress would have been granted in order to show that he received ineffective assistance of counsel. *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). Nickerson has not provided any evidence in the record to support a finding that a motion to suppress would have been successful.

The record shows that during voir dire, the State reminded the jury panel of the trial court's instruction that a defendant has the right not to testify. The State emphasized Nickerson's right not to testify and questioned the jury about the right not to testify. Nickerson's trial counsel reminded the jury panel of the trial court's

instructions. Trial counsel informed the jury that Nickerson was not required to present any evidence at trial and that the burden was on the State.

An ineffective assistance claim can be premised upon an attorney's failure to present witnesses only if the appellant can show that the witnesses were available and that their testimony would have benefitted him. *See Ex parte McFarland*, 163 S.W.3d 743, 757-58 (Tex. Crim. App. 2005) Nickerson has not shown that Jessica's testimony at trial would have benefitted him. Nickerson has not shown that trial counsel's decisions were not based upon sound trial strategy. The record before us does not support a finding that Nickerson received ineffective assistance of counsel. We overrule Nickerson's first issue.

## Conclusion

We affirm the trial court's judgment.



AL SCOGGINS

Justice



Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirm
Opinion delivered and filed July 19, 2012
Do not publish
[CRPM]