COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-440-CR

  
ISAAC RUSHER JESUOROBO                                                  APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM THE 213TH DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Isaac Rusher Jesuorobo of the offense of indecency with 
a child by contact and assessed his punishment at two years’ confinement. The 
parties are familiar with the facts of the case, and the law is well-settled. We 
will affirm.
        In 
two points, Appellant complains that he received ineffective assistance of 
counsel during both the guilt-innocence and punishment phases of trial. As to 
his second point, which addresses the guilt-innocence phase, Appellant contends 
that trial counsel rendered ineffective assistance in five areas: (1) failing to 
advance Appellant’s position in his opening statement; (2) opening the door to 
extraneous offense evidence; (3) failing to challenge the admissibility of 
Appellant’s statement to Detective Rogers by a pre-trial motion to suppress or 
by trial objection; (4) presenting evidence that conflicted with Appellant’s 
testimony; and (5) failing to impeach the complainant or offering any theory for 
the admissibility of evidence that would have impeached her. With respect to his 
first point concerning the punishment phase, Appellant argues that “counsel 
should not have called Appellant to the stand at all on the probation issue, but 
rather should have proven it from some other source, even though it is not clear 
from the record that such a source exists, given that counsel did not think this 
issue through in advance.” We observe that while the jury found Appellant 
guilty on one count of indecency with a child by contacting the child’s 
breasts, the jury found him not guilty of the offenses of indecency with a child 
by contacting her sexual organ and indecency with a child by exposure.
        The 
Sixth Amendment to the United States Constitution and Article I, Section 10 of 
the Texas Constitution afford criminal defendants the right to reasonably 
effective assistance of counsel. U.S. 
Const amend. VI; Tex. Const. 
art. I, § 10; Yarborough v. Gentry, __ U.S. __, 124 S. Ct. 1, 4 (2003); Garcia 
v. State, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001). We apply a two-pronged 
test to ineffective assistance of counsel claims. Strickland v. Washington, 
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson v. State, 9 
S.W.3d 808, 812 (Tex. Crim. App. 1999).
        First, 
Appellant must show that his counsel’s performance was deficient. Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064. The record must be sufficiently developed 
to overcome a strong presumption that counsel provided reasonable assistance. Bone 
v. State, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (citing Thompson, 
9 S.W.3d at 813-14). Second, Appellant must show that the deficient performance 
prejudiced the defense. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064. 
Further, a claim for ineffective assistance of counsel must be firmly grounded 
and affirmatively supported by the record. Thompson, 9 S.W.3d at 814; Jackson 
v. State, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998). When the record is 
silent as to possible trial strategies undertaken by defense counsel, we will 
not speculate on the reasons for those strategies. See Jackson v. State, 
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).
        We 
are presented with a case demonstrating the “inadequacies inherent in 
evaluating ineffective assistance claims on direct appeal.” Patterson v. 
State, 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.). Appellant 
did not file a motion for new trial addressing the reasons for his trial 
counsel’s actions. Moreover, Appellant’s complaints on appeal regarding his 
trial counsel concern actions that may or may not be grounded in sound trial 
strategy, but the record is silent as to trial counsel’s reasons for doing or 
failing to do the things of which Appellant complains. See id. As such, 
these issues are better raised via an application for a writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.07 
(Vernon Supp. 2004); Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. 
App. 2003) (“[T]he record on direct appeal will generally ‘not be sufficient 
to show that counsel’s representation was so deficient as to meet the first 
part of the Strickland standard’ as ‘[t]he reasonableness of 
counsel’s choices often involves facts that do not appear in the appellate 
record.’”).
        We 
overrule Appellant’s two points, and we affirm the trial court’s judgment.


  
                                                          PER 
CURIAM
 
  
PANEL F:   GARDNER, 
J.; CAYCE, C.J.; and McCOY, J.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: March 4, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.