JESUOROBO V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-440-CR

ISAAC RUSHER JESUOROBO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Isaac Rusher Jesuorobo of the offense of indecency with a child by contact and assessed his punishment at two years’ confinement.  The parties are familiar with the facts of the case, and the law is well-settled.  We will affirm.

In two points, Appellant complains that he received ineffective assistance of counsel during both the guilt-innocence and punishment phases of trial.  As to his second point, which addresses the guilt-innocence phase, Appellant contends that trial counsel rendered ineffective assistance in five areas:  (1) failing to advance Appellant’s position in his opening statement; (2) opening the door to extraneous offense evidence; (3) failing to challenge the admissibility of Appellant’s statement to Detective Rogers by a pre-trial motion to suppress or by trial objection; (4) presenting evidence that conflicted with Appellant’s testimony; and (5) failing to impeach the complainant or offering any theory for the admissibility of evidence that would have impeached her.  With respect to his first point concerning the punishment phase, Appellant argues that “counsel should not have called Appellant to the stand at all on the probation issue, but rather should have proven it from some other source, even though it is not clear from the record that such a source exists, given that counsel did not think this issue through in advance.”  We observe that while the jury found Appellant guilty on one count of indecency with a child by contacting the child’s breasts, the jury found him not guilty of the offenses of indecency with a child by contacting her sexual organ and indecency with a child by exposure. 

The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution afford criminal defendants the right to reasonably effective assistance of counsel.  
U.S. Const
 amend. VI; 
Tex. Const.
 art. I, § 10; 
Yarborough v. Gentry
, __ U.S. __, 124 S. Ct. 1, 4 (2003); 
Garcia v. State
, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).  We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

First, 
Appellant must show that 
his
 counsel’s performance was deficient. 
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  The record must be sufficiently developed to overcome a strong presumption that counsel provided reasonable assistance.  
Bone v. State
, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (citing 
Thompson
, 9 S.W.3d at 813-14).  Second, Appellant must show that the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  Further, a claim for ineffective assistance of counsel must be firmly grounded and affirmatively supported by the record.  
Thompson
, 9 S.W.3d at 814; 
Jackson v. State
, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998).  When the record is silent as to possible trial strategies undertaken by defense counsel, we will not speculate on the reasons for those strategies.  
See Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

We are presented with a case demonstrating the “inadequacies inherent in evaluating ineffective assistance claims on direct appeal.”  
Patterson v. State
, 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.).  Appellant did not file a motion for new trial addressing the reasons for his trial counsel’s actions.  Moreover, Appellant’s complaints on appeal regarding his trial counsel concern actions that may or may not be grounded in sound trial strategy, but the record is silent as to trial counsel’s reasons for doing or failing to do the things of which Appellant complains.  
See id
.  As such, these issues are better raised via an application for a writ of habeas corpus.  
Tex. Code Crim. Proc. Ann
. art. 11.07 (Vernon Supp. 2004); 
Rylander v. State
, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (“[T]he record on direct appeal will generally ‘not be sufficient to show that counsel’s representation was so deficient as to meet the first part of the 
Strickland
 standard’ as ‘[t]he reasonableness of counsel’s choices often involves facts that do not appear in the appellate record.’”).  

We overrule Appellant’s two points, and we affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, J.; CAYCE, C.J.; and McCOY, J.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED:  March 4, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.