Opinion issued November 16, 2006 
















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-05-00807-CR
  __________
 
ERIC TRISTAN BARBER, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 973739
 

 
 
MEMORANDUM OPINION
          Appellant, Eric Tristan Barber, pleaded guilty without an agreed
recommendation to the offense of aggravated robbery. See Tex. Pen. Code Ann. §
29.03(a)(2) (Vernon 2003). After a pre-sentence investigation (“PSI”) hearing, the
trial court assessed appellant’s punishment at 10 years in prison. In two points of
error, appellant contends that he was denied effective assistance of counsel because
his trial counsel (1) failed to request that the trial court order preparation of a
substance abuse evaluation prior to sentencing and (2) failed to request that he be
allowed to review the victim impact statements “for subsequent use at his PSI
hearing.”
           We affirm.  
Background
          On January 1, 2004, appellant and three others were identified as suspects in
a robbery that occurred on the same day at a local Houston restaurant. Dora Moreno
advised Houston Police that three of the four suspects had entered the restaurant and
that one of the men, later identified as appellant, was carrying a large shotgun and
yelled for everyone in the restaurant to get down on the ground. Another suspect
threatened Martha Pena with a handgun and forced her to take out money from the
cash register, while appellant and another suspect went to the kitchen in the back. 
          Frian Diaz and Jasso Gonzalo were in the kitchen during the robbery, and Diaz
testified that, when the suspects entered the kitchen, one of them put the butt of the
shotgun into his chest.
          Later that evening during a routine traffic stop, a sawed off shotgun and a
loaded pistol were found in the car in which the four suspects were riding. A wallet
containing identification and a cell phone were also found in the car and were
identified as owned by two of the complainants. The officers further searched the
suspects and found that they were holding a large amount of money. 
          Appellant pleaded guilty without an agreed recommendation to the offense of
aggravated robbery. At the beginning of the PSI hearing, appellant’s counsel
requested permission to add letters of recommendation and appellant’s GED
certificate of completion to the PSI report. The trial court agreed to take notice of the
items. After hearing testimony from appellant, his cousin, and the complainants and
arguments from counsel, the trial court sentenced appellant to 10 years in prison. 
There was no motion for new trial. 
Ineffective Assistance of Counsel
          In two points of error, appellant contends that he was denied effective
assistance of counsel because his trial counsel (1) failed to request that the trial court
prepare a substance abuse evaluation prior to sentencing and (2) failed to request that
he be allowed to review the victim impact statements “for subsequent use at his PSI
hearing.”
Standard of Review 
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,
2064 (1984). Appellant must show both (1) that counsel’s performance was so
deficient that he was not functioning as acceptable counsel under the Sixth
Amendment and (2) that, but for the counsel’s error, the result of the proceedings
would have been different. Id. This standard applies to both guilt/innocence and
punishment stages of trial. Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim.
App. 1999). 
          It is the defendant’s burden to prove ineffective assistance of counsel, and such
a claim must be firmly supported in the record. Id; McFarland v. State, 928 S.W.2d
482, 500 (Tex. Crim. App. 1996). An appellant has the burden of proving his claim
by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex.
Crim. App. 1998). Defendant must overcome the presumption that, under the
circumstances, the challenged action might be considered sound trial strategy. 
Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999). 
Substance Abuse Evaluation 
          In point of error one, appellant contends that he was denied effective assistance
of counsel because his trial counsel failed to request that the trial court order
preparation of a substance abuse evaluation prior to sentencing. Article 42.12,
section 9 of the Texas Code of Criminal Procedure states that: 
          (h)     On a determination by the judge that alcohol or drug abuse may
have contributed to the commission of the offense, . . . the judge
shall direct a supervision officer . . . to conduct an evaluation to
determine the appropriateness of . . . alcohol or drug rehabilitation
for a defendant and to report that evaluation to the judge. 

Tex. Code Crim. Proc. Ann. art. 42.12, § 9(h) (Vernon 2005) (emphasis added). 
“The evaluation shall be made after conviction and before sentencing, if the judge
assesses punishment in the case.” Id. 
          Appellant testified that, although he had smoked marihuana in the past, he had
not used drugs in the previous three years. He also testified that he drinks beer
occasionally, but not very much. Despite appellant’s statement in the PSI that all co-defendants were drinking beer and all but appellant smoking marihuana, the record
does not reflect any determination by the trial court that alcohol or drug abuse may
have contributed to the commission of the offense. Furthermore, the trial court’s
judgment states that a controlled substance finding was “not applicable” in this case. 
Without something in the record to show otherwise, we cannot conclude that
appellant’s trial counsel’s inaction regarding these evaluations constituted ineffective
assistance of counsel.
          Accordingly, appellant has failed to prove that his trial counsel erred by failing
to request that a substance abuse evaluation be conducted. Because appellant failed
to meet the first prong in Strickland, we overrule his first point of error.
Victim Impact Statements
          In point of error two, appellant contends that he was denied effective assistance
of counsel because his trial counsel failed to request that he be allowed to review the
victim impact statements “for subsequent use at his PSI hearing.” 
          Article 56.03 of the Texas Code of Criminal Procedure states that: 
prior to imposition of a sentence by the court in a criminal case, the
court, if it has received a victim impact statement, shall consider the
information provided in the statement. Before sentencing the defendant,
the court shall permit the defendant or his counsel a reasonable time to
read the statement . . . . 

Tex. Code Crim. Proc. Ann. art. 56.03(e) (Vernon 2005) (emphasis added). 
          The record does not reflect that the trial court received any independent written
victim impact statements. The PSI report did include statements from the PSI writer
after he interviewed the victims, and the record indicates that appellant’s counsel had
access to and reviewed this information before the PSI hearing. During the PSI
hearing, appellant’s counsel referenced the alleged “inconsistencies” of the victims’
statements in the PSI report.


 Thus, the record reflects that counsel reviewed the
report before the hearing. 
          Appellant has failed to prove that his trial counsel erred by failing to request
that he be allowed to review victim impact statements for use at his PSI hearing. 
Having failed to satisfy the first prong in Strickland, we overrule point of error two.
Conclusion
          We affirm the trial court’s judgment.


                                                                        George C. Hanks, Jr.
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).