NUMBER 13-02-033-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






LEEANN HALEY, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 105th District Court 


of Kleberg County, Texas.






MEMORANDUM OPINION


Before Justices Hinojosa, Yañez, and Baird (1)





 Appellant was charged by indictment with the state jail felony offense of tampering
with a governmental record. A jury convicted appellant of a lesser included misdemeanor
offense and assessed punishment at 180 days confinement in the Kleberg County jail,
probated for a period of two years. See Tex. Pen. Code Ann. § 37.10(c)(1) (Vernon Supp.
2006). This appeal follows an earlier abatement of these proceedings wherein we ordered
the trial judge to appoint new counsel and permit appellant to file a motion for new trial. 
Currently, appellant raises three points of error. We affirm the judgment of the trial court.

I. Procedural Posture.

 The State has not filed a reply brief. Under Texas Rule of Appellate Procedure
38.3, the State's reply brief is not required before we may consider and decide this appeal. 
See Tex. R. App. P. 38.3. When confronted with this situation, we treat the State's failure
to file a brief as a confession of error. Siverand v. State, 89 S.W.3d 216, 220 (Tex.
App.-Corpus Christi 2002, no pet.). Pursuant to Siverand, we will make an independent
examination of the merits of appellant's points of error and any opposing arguments are
limited to those advanced by the State in the trial court. Id.

II. Ineffective Assistance of Counsel.

 Each point of error is centered around the trial judge's denial of appellant's motion
for new trial, which raised two claims of ineffective assistance of counsel. The first point
of error alleges the trial judge erred in denying the motion, and the second and third points
of error raise the claims raised in the motion for new trial. As these points of error are
intertwined, they will be considered jointly.

A. Authority.

 The Sixth Amendment to the United States Constitution guarantees the accused the
right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686
(1984). To prevail on a claim of ineffective assistance of counsel, an appellant must prove
(1) that counsel's representation or advice fell below objective standards of
reasonableness; and (2) the result of the proceeding would have been different but for trial
counsel's deficient performance. Id. at 688-92. The defendant bears the burden of proving
his claims by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956
(Tex. Crim. App. 1998). Claims of ineffective assistance of counsel "must be firmly
founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness." Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
Generally, when the record is silent as to counsel's motivations for tactical decisions, an
appellant cannot overcome the "strong presumption that counsel's conduct was
reasonable." Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).

 When claims of ineffective assistance of counsel are raised on appeal following the
denial of a motion for new trial, we analyze the contentions as a challenge to the denial of
that motion. Charles v. State, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004). In such
circumstances, we review the Strickland test through an abuse of discretion standard and
reverse only if the denial of the motion for new trial was arbitrary or unreasonable, viewing
the evidence in the light most favorable to that ruling. Id. at 208 (holding appropriate
standard of review for ineffective assistance claim in motion for new trial is abuse of
discretion).

B. Failure to Secure the Testimony of Mary Cano.

 The second point of error contends counsel was ineffective in failing to call Mary
Cano as a witness for appellant. Appellant's defensive theory at trial was that she did not
knowingly make a false entry, namely that her husband was not employed, in a
government record. This was the culpable mental state required to convict appellant of the
lesser included offense. Appellant's theory was that Cano, with the Texas Workforce
Commission, told appellant and her husband that her husband's position as a substitute
school teacher was not considered employment. We reject this claim for two reasons.

 First, as noted above, appellant has the burden of providing this Court with a record
that "affirmatively demonstrate[s] the alleged ineffectiveness." Thompson, 9 S.W.3d at
813. Therefore, in the context of this ineffective assistance of counsel claim, the record
must demonstrate what the testimony of Cano would have been. However, Cano did not
testify at the motion for new trial hearing. At that hearing, the following exchange occurred:

 MFNT COUNSEL (2): Can you say with any certainty what Ms. Cano's testimony
would have been? (3)


 APPELLANT: No, I don't know for sure what it would have been.


 MFNT COUNSEL: Do you think if she had been brought in to testify that could have
possibly changed the outcome of your trial?

 APPELLANT: Yes.


 MFNT COUNSEL: You think that possibly her testimony would have boosted your
credibility with the jury.


 APPELLANT: Yes.


 At the conclusion of the hearing, defense counsel stated in her argument:


 Your Honor, it appears that [appellant's] only viable defense was to have
Mary Cano, this material witness, called, and although we cannot say with
any certainty what she would have testified to, there is no evidence
presented to you as to what, you know, that she would not have supported
[appellant's] position . . . . 


 When considering claims of ineffective assistance of counsel, appellate courts are
not permitted to speculate about what evidence was not presented. Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002). Because the record does not affirmatively reflect
what the testimony of Cano would have been, we hold appellant has failed in her burden
of providing a record which "affirmatively demonstrate[s] the alleged ineffectiveness." 
Thompson, 9 S.W.3d at 813.

 Second, even if we found the failure to secure the testimony of Cano to be deficient
conduct on the part of trial counsel, we would then address Strickland's second prong and
determine if the result of appellant's trial would have been different with Cano's testimony. 
In this analysis, we note that the essence of Cano's testimony was before the jury. 
Appellant's husband testified as follows:

 Q. Did you tell the people at the Workforce that you were substitute
teaching?


 A. Yes, sir. I told Mary Cano. I called her by phone and I communicated to
her that I didn't need to go to this workshop because I was substitute
teaching.


 Q. Did the Texas Workforce know you were substitute teaching?


 A. Yes.


 Q. Did they still insist on you coming to their workshops?


 A. Yes, sir.


 Q. What was their rationale for insisting that you come to the workshops?


 A. She told me, Mary Cano told me she did not consider substitute teaching
employment, that the Texas Workforce does not consider substitute teaching
as employment.


 Q. Is that because of the uncertainty of whether or not you are going to
work?


 A. She said, "you never know. They might not never call you again."


 During appellant's direct examination, the following exchange occurred:


 Q. Can you explain to the jury why [you filled out the form indicating your
husband was not employed]?


 A. Well, afer my husband had gotten a job, after the 13th we received a
letter to go to the Texas Workforce meeting. Well, I called Mary Cano and
I told her, I said, "My husband doesn't need to go to the meeting because
he's substitute teaching," and well, first she says, she says -- I said, "my
husband is working." She goes, "Well, what is he doing?" I said, "He's
substitute teaching," and she goes, "[Appellant], the Texas Workforce does
not consider substitute teaching as employment," ... (4)


 In light of the foregoing testimony, we hold there is no showing that the result of
appellant's trial would have been different but for trial counsel's failure to secure the
testimony of Mary Cano. Therefore, the second prong of Strickland has not been satisfied. 
Strickland, 466 U.S. at 688-92.

 For both of these reasons, the trial judge's denial of the motion for new trial on the
basis of not securing the testimony of Mary Cano did not constitute an abuse of discretion. 
Accordingly, the second point of error is overruled.

C. Failure to Peremptorily Strike Veniremember Marilyn Lewis Ruff.

 The second point of error contends trial counsel was ineffective for not peremptorily
striking the second veniremember, Marilyn Lewis Ruff, who ultimately served as the
foreperson of the jury. During voir dire, Ruff, a teacher's aide, was questioned by both the
State and the defense on whether she knew appellant's husband, and whether she knew
Chandra Lewis, a witness for the State. After this questioning, Ruff stated that her
knowledge of either appellant's husband or Lewis would not affect her or prevent her from
being impartial. 

 At the motion for new trial hearing, appellant testified that she expressed her
concerns about Ruff to trial counsel and instructed counsel to peremptorily strike Ruff. To
convey this, appellant "scratched out Ruff's name" and said, "I [don't] want her on my jury." 
However, trial counsel did not strike Ruff and she ultimately served as foreperson of
appellant's jury.

 We read this point of error as raising three separate arguments. First, appellant
argues: "[appellant expressed her concern about Ms. Ruff's prejudice to counsel and
counsel did nothing, failing to question Ms. Ruff about whether she had any bias or
prejudice that would prevent her from being able to be a fair and impartial juror in this case
. . . ." This argument is not supported by the record. As noted above, trial counsel
individually questioned Ruff about whether she knew appellant's husband and, if so,
whether that would affect her impartiality. Ruff answered in the negative.

 Second, appellant argues "it was not reasonable under prevailing professional
norms that counsel fail to use a peremptory strike against [Ruff] when counsel had strikes
available." This argument is not supported by the record. The record reflects that counsel
exercised his ten peremptory strikes and, therefore, did not have an available strike for
Ruff. 

 Third, appellant argues that she scratched Ruff's "name off counsel's list of potential
jurors indicating to counsel that she did not want Ms. Ruff to serve on her jury." However,
we reviewed the original strike list in this case and Ruff's name is not scratched off nor are
there marks indicating someone erased marks through Ruff's name. Consequently, this
argument is not supported by the record. 

 Having rejected these three arguments, we overrule the third point of error.

D. Erroneous Denial of the Motion for New Trial.

 The first point of error contends the trial judge erred in denying appellant's motion
for new trial. In support of her argument, appellant relies upon the arguments advanced
in sections B and C, supra. However, for the reasons noted above, those arguments are
without merit. Therefore, the trial judge did not abuse his discretion in denying the motion
for new trial. Accordingly, the first point of error is overruled.

 The judgment of the trial court is affirmed.


 CHARLES F. BAIRD

 Justice



Do Not Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this 

the 22nd day of November, 2006.
1. Former Texas Court of Criminal Appeals Judge Charles F. Baird assigned to this Court
by the Chief Justice of the Supreme Court of Texas pursuant to the government code. See
Tex. Gov't Code Ann. § 74.003 (Vernon 2005).
2. This indicates appellant's counsel at the motion for new trial hearing, who was not
appellant's counsel at trial.
3. All emphasis supplied by author unless otherwise indicated.
4. Only at this point did the State lodge a hearsay objection and that objection was
sustained by the trial judge. However, the State did not make a motion to strike or request
an instruction to disregard the testimony. Therefore, appellant's testimony prior to the
State's objection is not denied probative value. Tex. R. Evid. 802 (inadmissible hearsay
admitted without objection shall not be denied probative value merely because it is hearsay).