Opinion issued October 9, 2008












     

In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00942-CR




CHRISTOPHER DICK, Appellant

v.

STATE OF TEXAS, Appellee




On Appeal from the 184th District Court 
Harris County, Texas
Trial Court Cause No. 1077684 




MEMORANDUM OPPINION

          Appellant, Christopher Dick, pleaded guilty to injury to a child.


 The trial court
deferred adjudication of appellant’s guilt, placed him on community supervision for
three years, and imposed a $500 fine. Based on the State’s later-filed motion to
adjudicate, the trial court revoked appellant’s community supervision, found
appellant guilty, and sentenced him to nine years in prison. 
          In two points of error, appellant contends that, with respect to the adjudication
process, (1) he received ineffective assistance of counsel and (2) his due process
rights were violated.
          We affirm.
Background
          During the hearing on the State’s motion to adjudicate, the following exchange
occurred between appellant’s attorney and the trial court:
THE COURT: . . . Is there something you wanted to put on the record,
Ms. Unger [appellant’s counsel]?
 
[Appellant’s counsel]: Yes, a few things. The first thing, I just wanted
to state for the record that prior to this hearing on a number of occasions
I have explained to my client both the prosecutor’s offer, which at the
lowest was 2 years T.D.C., as well as what the Court—Your Honor said
you thought the case was worth at one point, which was four. That was
a few weeks ago. And I had—
 
THE COURT: We all by agreement, had an informal conference. 
 
[Appellant’s counsel]: Right. And at one point, I believe my client was
before the Court and we spoke about that. And I just wanted for the
record just to say that we did have these conversations and that my client
has obviously stated that those offers weren’t what he was looking for. 
That wasn’t acceptable and he did not want to plead true. 
 
Also, I have spoken with my client about testifying in this trial, in
this hearing. And he understands that if he does take the stand, anything
he says on the stand can be used against him both here and possibly at
a federal investigation regarding the underlying allegations . . . . 
 
THE COURT: Thank you. Are you in agreement with all of that, sir?
 
[APPELLANT]: Yes. 
 
THE COURT: For the record, we had a conference—and I told your
client if he wanted a hearing, I didn’t have any problems with that, and
I would keep an open mind at the hearing and consider continuing to
work with him on probation and also consider the maximum 10 years. 
Presumably I will know a lot more about it at the hearing than I did at
the conference. So, he decided he wanted a hearing. And that’s fine.
          At the end of the hearing, the trial court found the allegations in the State’s
motion to be “true” and adjudicated appellant’s guilt. Appellant waived his right to
a separate punishment hearing. In its closing argument, the State asked the trial court
to sentence appellant to a minimum of four years in prison. The trial court imposed
a nine-year prison sentence. 
Ineffective Assistance of Counsel
          In his first point of error, appellant bases his ineffective assistance of counsel
claim on his attorney’s statement on the record, as set out above, that she had
conveyed to appellant the State’s offer of two years in prison in exchange for a plea
of “true”and that appellant had rejected the plea. Appellant contends that such
conduct constitutes ineffective assistance of counsel because it shows that his
attorney had a conflict of interest and because it cannot be explained as reasonable
trial strategy. Appellant asserts that permitting the trial court to hear such “prejudicial
information . . . clearly affected the court’s punishment decision.” 
Conflict of Interest
          To prevail on his ineffective assistance claim based on conflict of interest,
appellant must show that his counsel had an actual conflict of interest and that the
conflict actually colored counsel’s actions during the adjudication hearing. See
Acosta v. State, 233 S.W.3d 349, 356 (Tex. Crim. App. 2007) (citing Cuyler v.
Sullivan, 446 U.S. 335, 349–50, 100 S. Ct. 1708, 1719 (1980)). An actual conflict
of interest exists when counsel is required to make a choice between advancing her
client’s interest in a fair trial or advancing other interests, including her own, to the
detriment of her client’s interest. Id.; Ex parte McFarland, 163 S.W.3d 743, 759 n.
52 (Tex. Crim. App. 2005). A defendant who shows that a conflict of interest
actually affected the adequacy of his representation need not demonstrate prejudice
to obtain relief. Cuyler, 446 U.S. at 349–50, 100 S. Ct. at 1719. 
          Here, appellant asserts that his counsel made the statement on the record
regarding the plea negotiations to protect herself from a future claim of ineffective
assistance of counsel. That is, appellant contends that his counsel made the statement
to memorialize that she had conveyed the plea offer to him and that he had rejected
it. Appellant asserts that such conduct shows a conflict of interest because counsel
was advancing her own interest of self-protection at the expense of his interest in
receiving a fair adjudication hearing. We disagree.
          In Monreal v. State, a conflict-of-interest ineffective assistance of counsel case,
the Court of Criminal Appeals considered a factually analogous situation. 947
S.W.2d 559 (Tex. Crim. App. 1997). There, defense counsel elicited detailed
testimony from the defendant in front of the trial judge, who was the trier of fact,
regarding earlier plea negotiations, for the apparent purpose of protecting herself
from a future ineffective assistance claim. See id. at 560, 564. The Court of Criminal
Appeals agreed with the court of appeal’s holding that such conduct did not
demonstrate an actual conflict of interest. Id. at 565. 
          In its analysis, the court wrote, 
[T]o protect herself from a future claim of ineffective assistance, all that
appellant’s trial counsel needed to do was to put into the record the fact
that she had informed appellant of the plea bargain offer and that he had
rejected it. We know of no reason why the presentation of such
information, even before the trier of fact, would have harmed appellant
in any way or would have conflicted with his interest in a fair trial. 
Id. at 564. The court further explained, 
[I]t appears that appellant’s trial counsel could have protected herself
without compromising appellant’s interest in a fair trial. Appellant’s
trial counsel was not required to make a choice between advancing her
client’s interest in a fair trial or advancing her own interest in avoiding
a future claim of ineffective assistance. Thus, her personal interest did
not actually conflict with appellant’s interest. The fact that she was less
than artful in executing her personal interest—by eliciting unnecessary,
and potentially damaging, information before the trier of fact—did not
create an actual conflict of interest where none otherwise existed. 
Id. at 565. 
          Applying this rationale to the instant case, we conclude that the record does not
reveal that appellant’s counsel had an actual conflict of interest. See id. at 564–65. 
When counsel in this case proceeded to state on the record that she had conveyed the
plea offer to appellant and that he had rejected it, counsel was not faced with making
a choice between advancing appellant’s interest in a fair hearing or advancing her
own interest in avoiding a future claim of ineffective assistance. See id. As reasoned
in Monreal, the fact that counsel conveyed superfluous details about the plea
negotiations—specifically the sentence offered by the State—does not create a
conflict of interest. See id. 
          We hold that no showing has been made that appellant received ineffective
assistance of counsel based on a conflict of interest.
Analysis Under Strickland Test
          As mentioned, appellant also claims ineffective assistance of counsel on the
basis that his attorney’s disclosure of the details of the plea negotiations could not
have been based on reasonable trial strategy. To this assertion, we apply the familiar
standard found in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). 
          To prove ineffective assistance of counsel under Strickland, appellant must
show (1) that counsel’s performance fell below an objective standard of
reasonableness and (2) that the deficient performance prejudiced appellant. See id.
466 U.S. at 687, 694, 104 S. Ct. at 2064, 2068; Andrews v. State, 159 S .W.3d 98, 101
(Tex. Crim. App. 2005). The first Strickland prong requires appellant to overcome
the strong presumption that counsel’s performance falls within a wide range of
reasonable professional assistance. See Andrews, 159 S.W.3d at 101.
          The second Strickland prong requires appellant to show that there is a
reasonable probability that, but for counsel’s errors, the result of the proceeding
would have been different. See id. at 102. A “reasonable probability” is a probability
sufficient to undermine confidence in the outcome. See id. Appellant has the burden
to establish both prongs by a preponderance of the evidence. See Jackson v. State,
973 S.W.2d 954, 956 (Tex. Crim. App. 1998). A failure to make a showing under
either prong defeats a claim of ineffective assistance of counsel. Rylander v. State,
101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).
          Here, we need not consider whether counsel’s disclosure regarding the details
of the plea negotiations rendered her performance deficient. Appellant has not shown
that there is a reasonable probability that, but for such errors, the outcome of the
adjudication hearing would have been different. See Boyd v. State, 811 S.W.2d 105,
109 (Tex. Crim. App. 1991).
          Speaking to the second prong, appellant contends that he was harmed or
prejudiced by his counsel’s disclosure of the details of the rejected sentence offer. 
He asserts that such disclosure resulted in the trial court giving him a greater sentence
than he would have otherwise received. Appellant points out that, in its closing
argument, the State did not ask for the maximum punishment of 10 years, rather it
requested the trial court to sentence appellant to a minimum of 4 years. Appellant
claims, “The trial court more than doubled what the State asked for.” 
          We begin by noting that the State did not request a four-year sentence, rather
it asked the trial court to sentence appellant to a minimum of fours years in prison. 
In addition, the record shows that the trial court found appellant had violated five
terms of his community supervision. Among these violations was a new violation of
the law. The evidence showed that appellant attempted to purchase a firearm from
a pawn shop. The State showed that appellant had filled out a form to purchase a
firearm and had made a false statement on the form relating to his instant felony
offense. 
          The record indicates that trial court told appellant at an informal conference a
few weeks earlier that it would keep “an open mind at the [adjudication] hearing
[regarding punishment] and consider continuing to work with him on probation and
also consider the maximum 10 years.” Appellant points to nothing in the record to
indicate that the trial court did not consider the full punishment range or that the court
was influenced by the disclosure of the rejected sentence offer. 
          We conclude appellant has not shown that there is a reasonable probability that,
but for his counsel’s alleged deficient performance, the outcome of the adjudication
hearing, including his sentence, would have been different. See Andrews, 159 S.W.3d
at 102. The failure to make a showing under either of the required prongs of
Strickland defeats a claim for ineffective assistance of counsel. Rylander, 101
S.W.3d at 110–11. We hold that appellant has not met his burden to show ineffective
assistance of counsel by a preponderance of the evidence. See Jackson, 973 S.W.2d
at 956.
          We overrule appellant’s first point of error.
Due Process Violation
          In his second point of error, appellant contends that “it was a violation of due
process for the trial court to be apprised of any plea offerings or dealings with the
appellant during his adjudication hearing.” 
          Due process requires that a neutral and detached judge preside over probation
revocation proceedings. See Gagnon v. Scarpelli, 411 U.S. 778, 786, 93 S. Ct. 1756,
1761–62 (1973); Wright v. State, 640 S.W.2d 265, 269 (Tex. Crim. App. 1982). 
Appellant claims that the judge in this case was not “neutral and detached.” 
Appellant contends that the judge’s knowledge of the details of the plea negotiations
gained through an “informal” conference with the parties before the hearing and
through defense counsel’s statement at the hearing affected her impartiality. 
          In the absence of a clear showing to the contrary, we will presume that the trial
judge was a neutral and detached officer. Jaenicke v. State, 109 S.W.3d 793, 796
(Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). Here, there is no such clear
showing. 
          Although the record reflects that the trial judge held an informal conference,
by agreement of the parties, and that some aspects of the plea negotiations were
discussed at the conference, the record does not show that the trial judge participated
in the plea negotiations in any manner or improperly exerted any influence in the
process. The record further reflects that the trial judge told appellant that if he
decided that he wanted a hearing on the motion to adjudicate, she would “keep an
open mind at the hearing” and would consider the full punishment range for the
offense. Nothing in the record indicates that the trial judge did not keep an open
mind or consider the full punishment range. 
          Moreover, the sentence imposed by the judge is within the sentencing range for
the offense. The record also shows that the trial judge offered appellant a separate
sentencing hearing, which he declined. The judge heard evidence at the adjudication
hearing that was not only relevant to the issue of revocation, but also to sentencing. 
          In sum, the record does not reflect that the trial judge’s knowledge of the
rejected plea offer in any manner influenced her sentencing decision. More precisely, 
no showing has been made that the trial judge was anything other than a detached and
neutral arbiter. We hold that appellant was not denied due process, as he claims.
          We overrule appellant’s second point of error.
Conclusion
          We affirm the judgment of the trial court.
 

                                                             Laura Carter Higley
                                                             Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).