# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-12-00222-CR

**Michael Lee Richard, Appellant**

**v.**

**The State of Texas, Appellee**

FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
NO. 69106, HONORABLE JOE CARROLL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After a jury indicted Michael Lee Richard of the felony offense of driving while intoxicated (third offense), Richard pled guilty without a plea-bargain agreement, executed a written judicial confession, and pled true to two prior DWI convictions. *See* Tex. Penal Code Ann. §§ 49.04, 49.09 (West Supp. 2012).[1] The district court found Richard guilty as charged and assessed punishment at nine years in prison. Richard challenges his conviction in a single issue, contending that his counsel was ineffective in failing to file a motion to suppress the intoxication evidence obtained after his traffic stop. We will affirm the judgment of conviction.

---

[1] Because recent amendments to the penal code did not change the substance of the statutes relevant to this appeal, we cite to their current version.

## BACKGROUND

At his punishment hearing, Richard testified that before he was pulled over by police on the night of his arrest, he and his four-year-old son had been at his sister's home. Richard decided to leave the residence because his sister's boyfriend was drunk and started a fight with him. Richard woke his son "out of a dead sleep" and put him in the car to remove him from "a volatile situation." Richard's son was still with him in the car when Richard was pulled over. Richard acknowledged that he might have made a different decision if he had not been drinking.

The court also heard evidence that Richard had over a dozen prior convictions, including three DWIs. Richard testified about his various health issues and the hardship that his incarceration would impose on those residing with him, including his son, his fiancée, and his disabled ex-wife. Counsel for Richard sought to have the court suspend imposition of any sentence and place Richard on community supervision. The district court found Richard guilty as charged and assessed punishment at nine years' imprisonment. This appeal ensued.

## ANALYSIS

Relying only on the information in an arrest affidavit issued in support of the complaint, Richard argues that the stop of his vehicle was unlawful and that his trial counsel was ineffective in failing to file a motion to suppress intoxication evidence obtained after the stop.

Detective Richard Murray of the Bell County Police Department executed the affidavit, which stated that he had conducted an investigation into Richard's offense and reviewed offense reports made in connection with the investigation. The affidavit, fairly summarized, stated that on the night in question Officer Priori was dispatched to the area of 16771 Tex Ann Lane in Belton, Bell County, Texas after a call reporting a domestic disturbance involving alcohol. The

2

caller stated that Richard left the residence in a maroon Ford pickup truck, taking a young child with him. After Officer Priori saw the vehicle traveling in the area of G. Wilson and W. Highway 190, he initiated a traffic stop, made contact with the driver identified as Richard, and observed a small child sitting in the passenger seat. Richard admitted drinking three to five beers, had slurred speech, exhibited intoxication clues on a standardized field-sobriety test, and was arrested for DWI. Richard also gave a breath specimen showing he had ".132 and .131 grams of alcohol per 210 liters of breath." On appeal, Richard argues the circumstances of his stop—as stated in this affidavit alone—constitute proof of his counsel's ineffectiveness in failing to file a motion to suppress.

To prevail on a claim of ineffective assistance of counsel, appellant must prove by a preponderance of the evidence that counsel's performance fell below the standard of prevailing professional norms and but for counsel's deficiency, there is a reasonable probability that the result of the trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A reasonable probability is one sufficient to undermine confidence in the outcome of the proceeding. *Thompson*, 9 S.W.3d at 812. Our review of counsel's representation is highly deferential, and we presume that counsel's action fell within the wide range of reasonable and professional assistance. *Ex parte Chandler*, 182 S.W.3d 350, 354 (Tex. Crim. App. 2005); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Allegations of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. Typically, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone*, 77 S.W.3d. at 833. Further, "trial counsel

3

should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003)). Without that opportunity, we should not find counsel's performance deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001)).

Further, trial counsel's failure to file a motion to suppress does not establish per se ineffective assistance of counsel. *See Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986); *Hollis v. State*, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no pet.). As this Court has noted, "to satisfy the *Strickland* test and prevail on an ineffective assistance claim premised on counsel's failure to file a motion to suppress, an appellant must show by a preponderance of the evidence that the result of the proceeding would have been different—i.e., that the motion to suppress would have been granted and that the remaining evidence would have been insufficient to support his conviction." *Hollis*, 219 S.W.3d at 456 (citing *Jackson v. State*, 973 S.W.2d 954, 956-57 (Tex. Crim. App. 1998)).

On this limited record, we cannot conclude that Richard has demonstrated his counsel's ineffectiveness. *See Thompson*, 9 S.W.3d at 813 (requiring assessment of whether defendant received effective assistance of counsel to be made on facts of each case and counsel's ineffectiveness to be firmly demonstrated by record). Richard has not shown, on the basis of the affidavit alone, that "a motion to suppress would have been granted and that the remaining evidence would have been insufficient to support his conviction." *Hollis*, 219 S.W.3d at 456. Nothing in this record shows what evidence the State might have offered in response to a motion to suppress

if it had been filed. *See Berry v. State*, Nos. 05-05-01104-CR, 05-05-01105-CR, 05-05-01106-CR, 2006 Tex. App. LEXIS 6127, at \*5 (Tex. App.—Dallas July 17, 2006, pet. ref'd) (mem. op., not designated for publication). The record is silent as to why counsel did not file a motion to suppress, Richard filed no motion for new trial, and nothing indicates that Richard's counsel had an opportunity to explain his actions.

We cannot conclude from this silent record that counsel's decision not to file a motion to suppress was, as Richard contends, "so outrageous that no competent attorney would have engaged in it." *See Goodspeed*, 187 S.W.3d at 392; *see also Robinson v. State*, 22 S.W.3d 631, 636 (Tex. App.—Waco 2000, pet. ref'd) (noting that court could not speculate about reasons for counsel's decision not to file motion to suppress evidence from allegedly illegal traffic stop because record was silent as to counsel's trial strategy). Accordingly, we overrule Richard's sole issue.

## CONCLUSION

Having overruled Richard's sole issue, we affirm the district court's judgment of conviction.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   August 31, 2012

Do Not Publish