

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00280-CR

———————————————

PEDRO BELTRAN, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR14028

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Womack

# MEMORANDUM OPINION

## I. Introduction

A jury found appellant Pedro Beltran guilty of intoxication manslaughter while using a deadly weapon, a vehicle, and the jury assessed a ten-year sentence. The trial court rendered judgment accordingly. In one issue, Beltran argues that "trial counsel was ineffective for failing to strike a juror who admitted he could not be fair in a case involving children." We will affirm.

## II. Background

The underlying facts of Beltran's conviction are irrelevant to the disposition of this case. The sole issue that Beltran brings centers on the alleged bias or prejudice of a juror. During voir dire, the following exchange occurred between defense counsel and Juror:

> [Defense Counsel]: All right. [Juror], how about you?
>
> [Juror]: I feel I must state that if children[1] are involved, I probably won't be fair.
>
> [Defense Counsel]: Okay. Kids are not involved. Does that make a difference to you?
>
> [Juror]: No, sir.

---

[1]The victim of Beltran's offense was a mother, but her children were not in the car at the time Beltran's vehicle struck the mother's vehicle. Nonetheless, the victim's being a mother and leaving behind children was a topic in the State's opening and closing arguments.

[Defense Counsel]: All right. We got to have somebody to serve here. We'd like to have you.

[Juror]: I understand that. Just -- I just have a soft spot for kids.

[Defense Counsel]: Everybody does. Wouldn't blame you one bit for having that soft spot. But that's something you would consider in punishment, whether or not a kid was involved. See?

[Juror]: Yes, sir.

[Defense Counsel]: You would consider that if a kid was involved. You'd think differently than if not, and it's a fact that you're going to have to find out during the trial.

[Juror]: Yes, sir.

[Defense Counsel]: But right now as it sits, would you keep your mind open?

[Juror]: Right now, yes, sir.

[Defense Counsel]: Yeah. And not making your mind up and saying I'm going to do this or do that –

[Juror]: Oh, no.

[Defense Counsel]: -- until you know something about the case or know something about . . . Beltran that might drive that thought.

[Juror]: That is correct.

[Defense Counsel]: You could do that?

[Juror]: Yes, sir.

[Defense Counsel]: What we do know is that they're alleging that a death occurred because of my client's intoxication.

[Juror]: Yes.

[Defense Counsel]: On those facts, could you keep your mind open?

[Juror]: Yes, sir.

[Defense Counsel]: All right. Any questions of me?

[Juror]: None that I can think of.

[Defense Counsel]: This punishment thing hangs us up, but in reality that's the second part of the trial. The first part of the trial is you are presuming this man to be innocent. He is not guilty.

[Juror]: Right.

[Defense Counsel]: And we have that trick question that we play on [another juror's] back there, but the honest to goodness answer is this man gets the benefit of your doubt.

[Juror]: Yes, sir.

[Defense Counsel]: Would you do that for him?

[Juror]: Yes, sir.

[Defense Counsel]: He is not guilty. He will walk out of here unless you are convinced he's guilty. Could you do that?

[Juror]: Yes, sir.

[Defense Counsel]: Because that's going to be the first instruction [the trial judge] will give you, that you must presume someone to be innocent, and if you don't, you're not doing your job. And it's – you're not up here enforcing the law. You're not up here checking on [the prosecutor]. What you're doing is just deciding in this case did they meet their burden of proof, because he's innocent until they do that. Could you do that?

[Juror]: Yes, sir.

## III. DISCUSSION

In his sole issue, Beltran argues that his trial counsel was ineffective for failing to move to strike Juror from the jury panel. Specifically, Beltran argues that Juror displayed bias in this case when he proclaimed that if children were involved he probably would not be fair. Assuming without deciding that trial counsel's follow-up questions and dialogue did not rehabilitate Juror, we conclude that Beltran has failed to provide a record demonstrating that his trial counsel's performance fell below an objective standard of reasonableness.

To prevail on a claim of ineffective assistance of counsel, an appellant must show the following: (1) counsel's performance fell below an objective standard of reasonableness and (2) a reasonable probability exists that, but for counsel's errors, the result would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S. Ct. 2052, 2064, 2068 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. In reviewing counsel's performance, we look to the totality of the representation to determine the effectiveness of counsel, indulging a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance or trial strategy. *See Robertson v. State*, 187 S.W.3d 475, 482–83 (Tex. Crim. App. 2006).

On review, an appellant has the burden to establish both prongs by a preponderance of the evidence. *Jackson v. State*, 973 S.W.2d 954, 956–57 (Tex. Crim.

App. 1998). "An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong." *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009).

A silent record that provides no explanation for counsel's actions will generally not overcome the strong presumption of reasonable assistance.[2] *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Absent an opportunity for trial counsel to explain his actions, appellate courts should not hold that counsel rendered ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* In the rare case in which trial counsel's ineffectiveness is apparent from the record, an appellate court may address and dispose of the claim on direct appeal. *Lopez*, 343 S.W.3d at 143. The record must, however, demonstrate that counsel's performance fell below an objective standard of reasonableness as a matter of law and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of counsel's subjective reasoning. *Id.*

The record in this case is devoid of any explanation for why Beltran's trial counsel did not challenge or strike Juror.[3] The record contains no motion for new

---

[2]"Claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus." *Lopez*, 343 S.W.3d at 143.

[3]While Beltran relies on *State v. Garza*, 143 S.W.3d 144, 147 (Tex. App.—San Antonio 2004, pet. ref'd), we agree with the State that Beltran's case is unlike *Garza*

trial based on ineffective assistance or an accompanying hearing and record. Beltran nonetheless argues that "[t]here could have been no reasonable trial strategy for leaving [a biased juror] on the jury." But the Court of Criminal Appeals has repeatedly held otherwise. *See, e.g., Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (holding there was no deficient performance on silent record when counsel did not challenge or strike a juror who said his prior experience as a victim of a burglary would probably impact his impartiality in the trial of the defendant for robbery); *Delrio v. State*, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992) (per curiam) (holding there was no deficient performance on silent record when counsel did not challenge or strike a juror who was an ex-narcotics officer and admitted during voir dire that he could not be impartial); *see also State v. Morales*, 253 S.W.3d 686, 698 (Tex. Crim. App. 2008) ("[T]rial counsel must be permitted to make a strategic or tactical decision to retain a juror who is only *presumably* biased.").

On this record, we cannot exclude the possibility that trial counsel had a strategic reason for not striking or challenging Juror. *See Delrio*, 840 S.W.2d at 446; *see also Jackson*, 877 S.W.2d at 771–72 (holding that presumption that defendant had received effective assistance of counsel at trial was not rebutted by silent record in case in which trial counsel's motivation for failing to challenge or strike juror, who

---

because Garza's trial counsel testified at a motion-for-new-trial hearing that the failure to strike a perspective juror was a mistake. Thus, in *Garza*, unlike in this case, the record was sufficiently developed to support the trial court's finding of ineffective assistance of counsel. *Id.* at 151.

had expressed bias against defendant, was unknown). Because we conclude that Beltran has failed to demonstrate that his trial counsel's performance fell below an objective standard of reasonableness, we need not address whether his trial counsel's decision prejudiced Beltran. *See Williams*, 301 S.W.3d at 687. We overrule Beltran's sole issue.

## IV. CONCLUSION

Having overruled Beltran's sole issue on appeal, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 13, 2020